SOLOSTH v. PERE MARQUETTE RAILWAY CO.

JURY—DEMAND FOR JURY TRIAL—WAIVER—COURT RULES.

Michigan Court Rule No. 33, requiring demand for jury trial in writing within 15 days after issue is joined, is not applicable to cases pending at time it became effective, when compliance therewith is impossible. BUTZEL, C. J., and WIEST and POTTER, JJ., dissenting.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 29, 1931. (Calendar No. 35,691.) Decided June 25, 1931.

Case by Thelma Solosth, by next friend, against Pere Marquette Railway Company, for personal injuries received because of defendant's alleged negligence. Plaintiff appeals from order granting defendant's motion to strike from the files plaintiff's motion to transfer case from nonjury to jury calendar. Reversed.

*Linsey, Shivel & Phelps* and *John H. VanderWal,* for plaintiff.

*Ward & Strawhecker,* for defendant.

POTTER, J. (*dissenting*). January 15, 1930, plaintiff began suit, in tort, by declaration, against defendant, to recover damages alleged to have resulted from injuries caused by defendant's negligence. January 31, 1930, defendant pleaded the general issue. The case was placed on the nonjury calendar. March 6, 1931, plaintiff demanded a jury

trial and moved the case be transferred from the nonjury calendar to the jury calendar. March 10, 1931, defendant moved to strike from the files plaintiff's motion to transfer the case to the jury calendar and for a jury trial. March 14, 1931, the trial court granted defendant's motion. Plaintiff appeals.

When the case was at issue, Circuit Court Rule No. 39 was in force. It provided:

"A party desirous of a trial by jury shall make his demand for a jury in writing, and file such demand with the clerk, and serve copy thereof upon counsel for opposite party within ten days after the issue is joined in the cause, otherwise he shall be deemed to have waived his right to a jury. * * * But the court in its discretion may transfer any case to the jury calendar, although demand for a jury was not filed as herein provided."

The statute, 3 Comp. Laws 1929, § 14263, provides:

"All issues of law shall be tried by the court, and all the issues and questions of fact shall be tried by the court, unless a jury be demanded by one of the parties, in a manner prescribed by the rules of the court: *Provided,* That in all actions of tort, and in all other actions, the subject-matters whereof are, in the opinion of the court, peculiarly proper for the consideration of a jury, it shall be competent for the court to order the cause to be tried by a jury."

Section 3 of Rule No. 1 of the 1931 revision of Michigan Court Rules provides:

"Rules of practice heretofore set forth in any statute, not in conflict with any of these rules, shall be deemed to be in effect until superseded by rules adopted by the Supreme Court."

Section 5 of article 7 of the Constitution of 1908 provides:

"The Supreme Court shall by general rules establish, modify and amend the practice in such Court, and in all other courts of record, and simplify the same."

Act No. 377, Pub. Acts 1927, provided the governor should appoint a commission of five practicing attorneys at law to confer with the justices of the Supreme Court and suggest to such court revised rules of practice and procedure in such court, and in all other courts of record and a simplified method of appellate procedure.

Michigan Court Rule No. 33, adopted by the Supreme Court, effective January 1, 1931, provides:

"A party desirous of a trial by jury shall make his demand for a jury in writing, and file such demand with the clerk and serve copy thereof upon counsel for opposite party within fifteen days after the issue is joined in the cause; otherwise he shall be deemed to have waived his right to a jury."

This rule was adopted in pursuance of the constitutional authority vested in the court as above indicated. It was suggested by the commission appointed by the governor under Act No. 377, Pub. Acts 1927. No demand for a jury was filed under old Circuit Court Rule No. 39, and no demand for a jury was attempted to be filed under Michigan Court Rule No. 33, until more than 15 days after the effective date of Rule No. 33. The question involved is one of procedure. Michigan Court Rule No. 33 governs. Demand for a jury trial was not made within 15 days after the effective date of the Michigan Court Rules and by the terms of Rule No. 33 by not making such demand within the time fixed

thereby the plaintiff waived her right to trial by jury. Judgment should be affirmed, but without costs.

Butzel, C. J., and Wiest, J., concurred with Potter, J.

Sharpe, J. The right to a trial by jury is secured to litigants by the Constitution. It "shall be deemed to be waived in all civil cases unless demanded by one of the parties in such manner as shall be prescribed by law." Article 2, § 13.

Plaintiff failed to file demand therefor. But, under the rule then in force, the trial court had the right, in its discretion, to transfer the cause to the jury calendar. It appears that the discretion vested in the court had been exercised so consistently as to become almost a rule of practice in that circuit. (See *Murphy* v. *Wayne Circuit Judge,* 249 Mich. 438.) In the statement of facts, as stipulated by the attorneys, it is said:

"At the time of the decision of said motion, said Willis B. Perkins held in substance that under and by virtue of the Michigan Court Rules, effective January 1, 1931, and particularly Rule No. 33 thereof, the trial judge had no discretionary power to transfer any case to the jury calendar, unless demanded in the manner and within the time provided by said Rule No. 33. It was thereupon agreed in open court that the position of the trial court with reference to Rule No. 33 in relation to the application to this case might be stated on a settled case on appeal to this court."

In reliance upon the anticipated action of the court when the case came on for trial, plaintiff omitted to file the demand. While her right to a jury trial had been waived by her failure to do so,

it was not lost to her if the trial court followed the usual practice and transferred the cause to the jury calendar.

In my opinion Rule No. 33 should not be held applicable to conditions in cases pending at the time it became effective when compliance with its requirements is impossible. The order appealed from is vacated and set aside and the cause remanded for further proceedings. Under the circumstances, I think no costs should be allowed.

CLARK, McDONALD, NORTH, and FEAD, JJ., concurred with SHARPE, J.