*65 ZAHRA, J.
We are called upon to answer the question whether a medical malpractice suit must be dismissed if a defective affidavit of merit (AOM) is filed after both the limitations period and the saving period have expired. We hold that in such cases, dismissal with prejudice must follow because allowing amendment of the deficient AOM would directly conflict with the statutory scheme governing medical malpractice actions, the clear language of the court rules, and precedent of this Court. Accordingly, we affirm the judgment of the Court of Appeals dismissing plaintiff’s case with prejudice.
I. FACTS AND PROCEDURAL HISTORY
Edris Ligons underwent a colonoscopy on January 14, 2002, and four days later developed vomiting, diarrhea, chills, and fever.[1] On January 22, 2002, still suffering from those symptoms, Ligons went to the emergency room at defendant Crittenton Hospital, where she was treated by defendant Dr. David Bauer. An abdominal x-ray suggested the possibility of a partial small-bowel obstruction. When Ligons refused to be admitted to the hospital, she was given antibiotics, treated for dehydration, and discharged with instructions to follow up with her treating physician the next day. Ligons did so and was immediately sent to the emergency room, where she was admitted.
After extensive testing and the involvement of seven doctors, it was determined that surgery was necessary. Ligons initially refused any surgery, but eventually agreed. Exploratory surgery performed on January 24, 2002, revealed a perforated colon, an inflamed pelvic *66 mass, and an abscess. The exploratory surgery further showed that Ligons had an advanced form of liver failure and that her liver had become hard and rocklike in appearance. Ligons had been an alcoholic for more than 30 years and suffered from acute cirrhosis with ascites, alcoholic pancreatitis, alcoholic hepatitis, coagulopathy, diverticulosis coli, and colon polyps. Removal of her colon was impossible because of these preexisting conditions. Ligons never recovered from the surgery and died on January 29, 2002.
Plaintiff was appointed personal representative of Ligón’s estate on February 22, 2005, and delivered to defendants a notice of intent to sue[2] (NOI) on June 8, 2005. On October 21, 2005, plaintiff delivered a supplemental NOI providing more detail regarding proximate cause. He filed a complaint in the Oakland Circuit Court on April 7, 2006, accompanied by two AOMs.
The first AOM, signed March 8, 2005, was executed by Dr. George Sternbach, an emergency-medicine specialist. Although the AOM contained 23 paragraphs regarding the manner in which the standard of care had been breached, only two of those paragraphs pertained specifically to this case:
v. [The failure to ajdmit the patient to the hospital on January 22, 2002.
w. [The failure to o]btain appropriate consults on January 22, 2002.
Regarding the manner in which these breaches were the proximate cause of the injury, the AOM provided, “As a direct and proximate cause of the imprudent acts and omission committed by the individuals identified herein, Edris Ligons, died.”
*67 The second AOM, signed on June 17, 2005, by Dr. Fred Thomas, did not address the required standard of practice or care, the breach of the standard of care, or the actions that should have been taken or omitted to comply with the standard of care. Rather, the Thomas AOM addressed only the manner in which the breach of the standard of practice or care was the proximate cause of the alleged injury: “It is my opinion that had the defendants admitted the patient to the hospital on January 22, 2002, and obtained the appropriate consults on January 22, 2002, as outlined in Dr. Sternbach’s affidavit!,] that Edris Ligons would not have died.”
In March 2007, Bauer and defendant Rochester Emergency Group, EC. (Bauer’s practice group) moved for summary disposition, arguing that plaintiffs NOIs and AOMs did not comply with the governing statutes. In April 2007, Crittenton concurred in the motion. The trial court denied defendants’ motions on May 22, 2007.
Bauer and Rochester Emergency applied for leave to file an interlocutory appeal, which the Court of Appeals initially denied.[3] Bauer and Rochester Emergency then applied for leave to appeal in this Court and, in lieu of granting their application, we remanded the case to the Court of Appeals for consideration as on leave granted.[4] The Court of Appeals later granted Crittenton’s application for leave to file a delayed cross-appeal.[5]
On remand from this Court, the Court of Appeals concluded that plaintiffs two NOIs collectively satisfied *68 the requirements of MCL 600.2912b.[6] But a majority of the panel disagreed with the trial court’s ruling that the AOMs were sufficient, concluding that neither AOM contained the required statement describing “[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.”[7] The majority reasoned that “it is insufficient to merely allege that the defendant’s alleged negligence caused the injury,” and the AOMs “contain[ed] no explanation regarding how Dr. Bauer’s decision not to admit the decedent on January 22, 2002, or obtain appropriate consultations was the proximate cause of the decedent’s death.”[8] “[E]ven when read as a whole,” the AOMs “establish[ed] no connection between the purpose of the consultations, or what condition they might have revealed, and the cause of the decedent’s death,” nor did they explain how a one-day delay in admitting Ligons resulted in death rather than recovery.[9]
Recognizing that the defective AOMs required dismissal of the case under Kirkaldy v Rim,[10] the Court of Appeals further held that dismissal in this case had to be with prejudice.[11] The Court of Appeals reasoned that, although filing a complaint and an AOM tolls the *69 statutory limitations period pursuant to MCL 600.5856(a) until the AOM is successfully challenged,[12] tolling was unavailable here because plaintiff had not filed his complaint within the limitations period. Plaintiff filed his complaint after the limitations period expired, but within the saving period afforded him as a personal representative under MCL 600.5852. Under Waltz v Wyse,[13] statutes that toll periods of limitations or statutes of repose, such as MCL 600.5856(a), do not toll saving provisions.[14] The Court of Appeals concluded that no tolled time remained during which plaintiff could refile his suit after defendants successfully challenged his AOMs. Thus, dismissal with prejudice was required on statute-of-limitations grounds.[15]
Finally, the Court of Appeals rejected plaintiffs argument that he should be permitted to amend his defective AOMs under the then existing version of MCR 2.118(A), which permitted the amendment of “pleadings.” The Court noted that the term “pleading” was restrictively defined by MCR 2.110(A) to include only complaints, cross-claims, counterclaims, third-party complaints, answers to any of these documents, and replies to those answers. This list does not include “mandatory attachments” such as AOMs.[16] Finding no “positive authority suggesting that an affidavit of merit may be amended pursuant to MCR 2.118(A),” the Court concluded that “the only permissible remedy for a defective affidavit of merit is the one prescribed in Kirkaldy, which is dismissal.”[17] Accordingly, the Court *70 of Appeals reversed the trial court and remanded the case for entry of an order of dismissal with prejudice.[18]
Plaintiff applied to this Court for leave to appeal the Court of Appeals’ decision. We granted leave and directed the parties to address the following issues: “(1) whether the plaintiff may amend his affidavits of merit in light of Bush v Shabahang, 484 Mich 156 [772 NW2d 272] (2009), and/or MCL 600.2301, and (2) whether the recent amendment of MCR 2.118 applies to the plaintiffs affidavits of merit.”[19]
II. STANDARD OF REVIEW
We review de novo a trial court’s ruling on a motion for summary disposition.[20] This case involves questions of statutory interpretation, which we also review de novo.[21] We interpret court rules using the same principles that govern the interpretation of statutes.[22] Our goal when interpreting and applying statutes or court rules is to give effect to the plain meaning of the text. If the text is unambiguous, we apply the language as written without construction or interpretation.[23]
III. ANALYSIS
A. INTERPRETATION AND APPLICATION OF MCL 600.2912d
MCL 600.2912d was enacted in 1986 and amended in 1993 as an element of broad tort reforms established by *71 the Legislature.[24] In part, the legislation placed “enhanced responsibilities” on medical malpractice plaintiffs.[25] MCL 600.2912d(1) requires the following:
Subject to subsection (2), the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiffs attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiffs attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169],[26] The affidavit of merit shall certify that ■the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiffs attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:
(a) The applicable standard of practice or care.
(b) The health professional’s opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.
(c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.
(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice. [Emphasis added.]
MCL 600.2912d(2) and (3) extend the time during which an AOM may be filed under certain circumstances:
(2) Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the *72 plaintiffs attorney an additional 28 days in which to file the affidavit required under subsection (1).
(3) If the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth in [MCL 600.2912b(6)], the affidavit required under subsection (1) may be filed within 91 days after the filing of the complaint.
In Scarsella v Poliak,[27] this Court addressed the consequences of a plaintiffs failure to file an AOM with the complaint as required by the statute. We stressed the Legislature’s “ ‘mandatory and imperative’ ” language:[28] MCL 600.2912d(1) requires that a plaintiff “shall file with the complaint an affidavit of merit... .”[29] In light of this legislative requirement, we held that “ ‘for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.’ ”[30] We rejected the plaintiffs argument that he should have been permitted to amend his complaint by appending an untimely AOM, which would have been related back to the time the complaint was filed under MCR 2.118(D),[31] because permitting such amendment would have “ ‘effectively repealed] the statutory affidavit of merit requirement’ ”:[32]
*73 “[M]edical malpractice plaintiffs could routinely file their complaints without an affidavit of merit, in contravention of the court rule and the statutory requirement, and ‘amend’ by supplementing the filing with an affidavit at some later date. This, of course, completely subverts the requirement of MCL 600.2912d(1). .. that the plaintiff ‘shall file with the complaint an affidavit of merit,’ as well as the legislative remedy of MCL 600.2912d(2)..., allowing a twenty-eight-day extension in instances where an affidavit cannot accompany the complaint. ”[33]
In other words, Scarsella established that, when a plaintiff “wholly omits to file the affidavit required by MCL 600.2912d(1),” “the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation.”[34] When the untolled period of limitations expires before the plaintiff files a complaint accompanied by an AOM, the case must be dismissed with prejudice on statute-of-limitations grounds.[35] Dismissal without prejudice is proper, however, if the untolled limitations period has not yet expired.[36]
The issue whether a timely filed yet defective AOM tolled the limitations period was resolved in Kirkaldy. Kirkaldy observed that, under MCL 600.5856(a),[37] MCL 600.2912d, and Scarsella, “the period of limitations is *74 tolled when a complaint and affidavit of merit are filed and served on the defendant.”[38] Distinguishing a wholly absent AOM from a potentially defective but timely filed AOM, we stressed the holding in Saffian v Simmons[39] that “ ‘when an affidavit is filed, it is presumed valid. It is only in subsequent judicial proceedings that the presumption can be rebutted.’ ”[40] Accordingly, Kirkaldy held:
[A] complaint and affidavit of merit toll the period of limitations until the validity of the affidavit is successfully challenged in “subsequent judicial proceedings.” Only a successful challenge will cause the affidavit to lose its presumption of validity and cause the period of limitations to resume running.
Thus, if the defendant believes that an affidavit is deficient, the defendant must challenge the affidavit. If that challenge is successful, the proper remedy is dismissal without prejudice. Scarsella, [461 Mich] at 551-552. The plaintiff would then have whatever time remains in the period of limitations within which to file a complaint accompanied by a conforming affidavit of merit.[41]
In Waltz, this Court clarified that MCL 600.5856, by its terms, tolls only periods of limitations or statutes of repose.[42] A saving statute is neither a statute of limitations providing a hmitations period nor a statute of repose; rather, it is “an ‘exception to the statute of hmitations’ ” that allows “commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired.”[43] In other words, once the *75 limitations period has run, tolling is no longer available, even if a saving statute would still allow commencement of the action.
Read together, the cases establish four points necessary to resolving the case currently before us. First, a plaintiffs failure to file a timely AOM or to file a timely AOM that satisfies the requirements of MCL 600.2912d(1) generally results in the dismissal of the case.[44] Second, that dismissal must be without prejudice unless other grounds for the dismissal exist, such as the expiration of the limitations period.[45] Third, the timely filing of a defective AOM with the complaint tolls the *76 limitations period unless and until the court finds the AOM defective. Fourth, only limitations periods may be tolled; the timely filing of a defective AOM cannot toll a saving period.[46]
B. THE AFFIDAVITS OF MERIT WERE INSUFFICIENT
As noted in part III(A), MCL 600.2912d(1) sets forth several requirements for affidavits of merit: (1) a certification that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff’s attorney concerning the allegations contained in the notice, (2) the applicable *77 standard of practice or care, (3) the health professional’s opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice, (4) the actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care, and (5) the manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice. The failure to include any of the required information renders the affidavit of merit insufficient.
Plaintiffs AOMs failed to provide any statement of the manner in which the breach of the standard of care was the proximate cause of the injury alleged. Dr. George Sternbach’s AOM provided only that “[a]s a direct and proximate cause of the imprudent acts and omission committed by the individuals identified herein, Edris Ligons, died.” Dr. Fred Thomas’s AOM provided only: “It is my opinion that had the defendants admitted the patient to the hospital on January 22, 2002, and obtained the appropriate consults on January 22, 2002, as outlined in Dr. Sternbach’s affidavit that Edris Ligons would not have died.”[47] We have often said that it is insufficient to simply state the result when required to state the manner in which there was a breach: The answer to “How was the standard of care breached?” is never “The standard of care was *78 breached.”[48] Similarly, answering the question “How was the breach the proximate cause of the injury?” requires more than “The breach caused the injury.” In other words, the “ ‘mere correlation between alleged malpractice and an injury is insufficient to show proximate cause.’ ”[49] Contrary to the dissents’ conclusions, this analysis does not require a heightened level of specificity; rather, it simply gives meaning to the level of specificity required by the statute itself. The Legislature requires a statement not just that a breach caused the injury, but the manner in which the breach caused the injury.[50]
*79 In this case, even the Court of Appeals dissent acknowledged that the AOMs were silent regarding how the defendants’ actions or inactions caused Ligons’s death. A statement answering how is precisely what MCL 600.2912d(1)(d) requires, and this case demonstrates the importance of that requirement. Ligons’s colon was perforated by a doctor (who is not a defendant here) eight days before she went to the hospital. She then refused to be admitted to the hospital, only to come back a day later, when the perforated colon was discovered. With so many different parties and procedures involved, as well as Ligons’s own medical history, plaintiff must state how defendants’ alleged negligence in not diagnosing the perforated colon one day earlier was the proximate cause of Ligons’s death. Plaintiff failed to do so, as required by MCL 600.2912d(l)(d); therefore, the AOMs were statutorily deficient.[51]
C. A PLAINTIFF MAY NOT AMEND A DEFECTIVE AFFIDAVIT OF MERIT
Plaintiff nonetheless argues that MCR 2.112, MCR 2.118, MCL 600.2301, and Bush v Shabahang,[52] permit retroactive amendment of defective AOMs. We are not *80 persuaded that these authorities compel that conclusion, one that is directly contrary to the rules of Scarsella and Kirkaldy, which call for dismissal in the event of an absent or defective AOM.[53]
1. AN AFFIDAVIT OF MERIT IS NOT A “PLEADING” THAT MAY BE AMENDED UNDER THE APPLICABLE VERSION OF MCR 2.118
Plaintiff urges that amendment should be permitted under the version of MCR 2.118 in effect at the time this case was pending in the trial court.[54] MCR 2.118 governs amended and supplemental pleadings. Both the prior and current versions of MCR 2.118(A)(1) permit a party to “amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party . . . .”[55] MCR 2.118(A)(2) further provides that “[e]xcept as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.” Former MCR 2.118(D), which governed the relation back of amendments, provided, “An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, *81 or occurrence set forth, or attempted to be set forth, in the original pleading.”[56]
By its terms, former MCR 2.118 applied only to a “pleading.” MCR 2.110(A) defines “pleading” for purposes of the Michigan Court Rules restrictively to include “only: (1) a complaint, (2) a cross-claim, (3) a counterclaim, (4) a third-party complaint, (5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint, and (6) a reply to an answer. No other form of pleading is allowed.”[57] As with statutes, when a court rule “specifically defines a given term, that definition alone controls.”[58] An AOM, even if required to be appended to a complaint, is not included in this restrictive definition of a “pleading.” Plaintiff relies heavily on a statement in Barnett v Hidalgo [59] which described an AOM as “part of the pleadings” in determining that an AOM is “generally admissible as an adoptive admission[.]” But plaintiff fails to appreciate the context in which the statement was made: describing a document as “part” of the pleadings when addressing an evidentiary issue does not turn the document into a pleading for purposes of MCR 2.118(D) if it does not meet the definition in MCR 2.110(A).[60] Indeed, elsewhere Barnett *82 clearly referred to the AOM as distinct from the complaint, stating that AOMs “are required to accompany a complaint. .. Id. at 160. Under MCR 2.110(A)(1), for purposes of the court rules it is the “complaint” itself that constitutes a “pleading,” not the complaint and any document accompanying it. Barnett neither held nor relied on the premise that an AOM is a pleading for purposes of the rule permitting amendment of pleadings, MCR 2.118.
Plaintiff also argues that the Court’s opinion in Scarsella compels the conclusion that an AOM is a pleading. He stresses the Scarsella Court’s holding that “ ‘the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.’ ”[61] Then plaintiff notes that, pursuant to MCL 600.1901, which applies generally to all civil actions, “[a] civil action is commenced by filing a complaint with the court.” And he similarly notes that the general civil complaint tolling statute cited in Scarsella, MCL 600.5856(a), permits tolling “[a]t the time the complaint is filed . .. .” Because Scarsella held that a medical malpractice action is not commenced — and tolling does not occur — if the complaint is not accompanied by an AOM, plaintiff reasons that, for Scarsella to be consistent with MCL 600.1901 and MCL 600.5856(a), an AOM must be “part and parcel” of the complaint.
But Scarsella, like Barnett, did not rule that an AOM is a complaint or is “part and parcel” of the complaint. Rather, the Court consistently referred to the complaint *83 and AOM as distinct documents. For example, the Court noted that “ ‘medical malpractice plaintiffs must file more than a complaint; they “shall file with the complaint an affidavit of merit....”’ ”[62] Importantly, Scarsella clarified that commencement of a medical malpractice action is not governed solely by the general statutes applicable to civil suits. Rather, medical malpractice suits are governed in detail by specific statutes unique to this area of law. In contrast to the generic rule that a civil action may be commenced through the mere filing of a complaint, MCL 600.2912b(1) establishes that, generally, “a person shall not commence an action alleging medical malpractice . .. unless the person has given the [defendants] written notice under this section not less than 182 days before the action is commenced.”[63] Similarly, as Scarsella held, pursuant to MCL 600.2912d(1) a medical malpractice claimant must file not just a complaint, but “shall file with the complaint an affidavit of merit. .. .”[64] A defendant, moreover, is not simply required to file an answer to the complaint, but must also file an affidavit of meritorious defense — the counterpart to a plaintiffs AOM — within 91 days after the plaintiff files an AOM.[65]
These specific statutes governing medical malpractice actions, which “appl[y] to the more narrow realm of *84 circumstances,” prevail over the more general rules applicable to all civil actions.[66] Accordingly, it does not necessarily follow that, simply because other civil plaintiffs may commence suit by filing a complaint, an AOM is a complaint — or is part and parcel of a complaint— particularly for purposes of applying the Michigan Court Rules.[67]
Permitting amendment of a deficient AOM also runs directly counter to the statutes governing medical malpractice suits, particularly MCL 600.2912d. By its terms, MCL 600.2912d requires that a plaintiff obtain a qualified expert willing to review the medical records and certify that the claim has merit because, in the expert’s opinion, each defendant breached the applicable standard of practice or care, there were actions the defendant should have taken or omitted in order to comply with the standard, and the breach was the proximate cause of the injury alleged in the presuit notice.[68] Consistently with its purpose to certify merit at the outset of the case, MCL 600.2912d(1) directs that the plaintiff “shall file” the AOM “with the complaint.” If the plaintiff is unable to comply with this mandate, the statute provides two alternatives for recourse: MCL 600.2912d(2) permits the court to grant an additional 28 days in which to file the AOM “[u]pon motion of a party for good cause shown,” and MCL 600.2912d(3) *85 affords the plaintiff “91 days after the filing of the complaint” to file the AOM if the defendant failed “to allow access to medical records within the time period set forth in [MCL 600.2912b(6)].”
Accordingly, the statute clearly conveys that the AOM must be provided within the relevant time frames. For this reason, permitting a plaintiff to correct deficiencies in the AOM through amendment as a matter of course within 14 days after service of a responsive pleading, MCR 2.118(A)(1), and indefinitely thereafter by leave of the court or consent of the adverse party, MCR 2.118(A)(2), would directly conflict with the legislative remedies provided in MCL 600.2912d(2) and (3), which allow a plaintiff who is unable to submit a conforming AOM with the complaint an additional 28 or 91 days, respectively, to complete and submit the AOM. Just as the Scarsella Court reasoned in rejecting retroactive “amendment” of untimely AOMs under MCR 2.118, permitting amendment of a deficient AOM would similarly subvert the AOM statute by allowing plaintiffs to routinely file complaints without conforming AOMs.[69]
Because permitting amendment of a defective AOM runs counter to the established statutes, court rules, and cases governing this area of law, we hold that a plaintiff may not amend a deficient AOM under the version of MCR 2.118 in effect during the pendency of this suit in the trial court.
2. MCL 600.2301 AND BUSH v SHABAHANG DO NOT AUTHORIZE AMENDMENT OF AN AFFIDAVIT OF MERIT
Next, plaintiff urges that we permit amendment of deficient AOMs under MCL 600.2301 and this Court’s *86 2009 decision in Bush.[70] But retroactive amendment of a deficient AOM has never been authorized under any court rule or statute, and as explained in part 111(C)(1), would actually be contrary to the specific statutory scheme governing medical malpractice actions. This Court has long recognized that an attachment to a complaint or pleading is neither a “process” nor a “proceeding” under MCL 600.2301.[71] In fact, this Court noted in 1892 that there was no statutory support for *87 allowing amendment of an affidavit on the ground that it was a process or a proceeding:
There is no statute now in force permitting amendments to attachment affidavits, and such amendments have never been deemed admissible under [How Stat] 7631, which provides that “the court in which any action shall be pending shall have power to amend any process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice.[72]
The Bush Court’s application of MCL 600.2301 to a medical malpractice NOI was rooted in the Legislature’s 2004 amendment of MCL 600.5856(c), the notice-tolling statute, and does not apply to AOMs. Unlike NOIs, which give notice to defendants, AOMs are meant to weed out frivolous cases before they are ever filed. Applying Bush beyond the scope of the 2004 amendment of MCL 600.5856(c) and NOIs to AOMs would be an unwarranted expansion of its focus on the notice-tolling statute, would free the opinion from its statutory moorings, would frustrate the purpose of the AOM requirement, and would create unnecessary conflict with existing caselaw, such as Kirkaldy, which Bush did not overrule. We therefore decline to apply the rationale of Bush beyond its limited statutory focus.
3. THE NEW VERSIONS OF MCR 2.112 AND MCR 2.118 ARE NOT APPLICABLE
Finally, we address plaintiffs argument that he should now be permitted to amend his AOMs in light of the 2010 amendments of MCR 2.112 and MCR 2.118. In addition to mandating that a party challenge an allegedly defective AOM or affidavit of meritorious defense within 63 days of service, MCR 2.112(L)(2)(b) now *88 states, “An affidavit of merit or meritorious defense may be amended in accordance with the terms and conditions set forth in MCR 2.118 and MCL 600.2301.” In turn, MCR 2.118(D) now states, in relevant part, “In a medical malpractice action, an amendment of an affidavit of merit or affidavit of meritorious defense relates back to the date of the original filing of the affidavit.”[73] The February 16, 2010, order adopting the amendments unequivocally stated that they became effective May 1, 2010, long after the complaint and the AOMs in this case were filed and, indeed, after the Court of Appeals resolved the case and plaintiffs application for leave to appeal was filed in this Court.[74] Because this Court explicitly ordered that the amended rules have prospective effect, we will not apply the rules retroactively at plaintiffs request. Moreover, as defendants argue, full retroactive application of the rules is impossible at this late stage and would result in prejudice to defendants; defendants cannot go back in time and comply with the new requirement that, to challenge an AOM at all, they must do so within 63 days of service. Accordingly, retroactive application of the rules would render defendants’ challenge to the AOMs ineffective and afford them no opportunity to renew their arguments concerning their deficiency or to oppose any motion plaintiff might bring for amendment at the court’s discretion under MCR 2.118(A)(2). A newly adopted court rule will not be applied to pending actions if a “party acts, or fails to act, in reliance on the prior rules and the party’s action or inaction has consequences under the new rules that were not present under the old rules.”[75] In other words, amended court rules will not apply retroactively *89 if compliance with the newly prescribed time limits is impossible.[76] We therefore decline to apply the amended versions of MCR 2.112 and MCR 2.118 here.
D. DISMISSAL WITH PREJUDICE WAS REQUIRED
Plaintiffs case was dismissed with prejudice because the two-year statutory limitations period provided in MCL 600.5805(6) for his medical malpractice action expired before his AOMs were deemed defective; therefore, no tolling was available to him upon his filing the complaint under MCL 600.5856(a). The alleged malpractice by defendants occurred on January 22, 2002. Accordingly, the two-year limitations period expired on January 22, 2004. If the suit had been commenced before January 22, 2004, the limitations period would have been tolled when the complaint was filed with the accompanying AOMs. But no suit was filed within the limitations period, so no tolling was available.
Instead, plaintiff filed suit within the saving period afforded him under MCL 600.5852, which permits the personal representative of the decedent’s estate to commence an action “at any time within 2 years after letters of authority are issued although the period of limitations has run” as long as commencement is “within 3 years after the period of limitations has run.” Plaintiff was appointed personal representative on February 22, 2005.[77] He had until January 22, 2007 — three years after the two-year period of limitations expired on January 22, 2004 — in which to file suit during the saving period. He filed his complaint and AOMs on April 7, 2006. Although plaintiff filed suit during the saving period, because the limitations period had ex *90 pired, there was nothing left to toll under MCL 600.5856(a) when he filed the complaint even though it was accompanied by AOMs. For these reasons, the Court of Appeals correctly dismissed plaintiffs case with prejudice.
IV CONCLUSION
Pursuant to the plain and controlling language of MCR 2.110(A), the applicable version of MCR 2.118, MCL 600.5856, MCL 600.2912d, and this Court’s decisions in Scarsella, Kirkaldy, and Waltz, we hold that a defective AOM may not be retroactively amended and that the proper response to a defective AOM is dismissal. Although the timely filing of a defective AOM tolls the limitations period until a court finds the AOM defective, an AOM filed during a saving period after the limitations period has expired tolls nothing, as the limitations period has run and the saving period may not be tolled. In this case, because the limitations period had run before the complaint was filed, plaintiff cannot amend his defective AOMs retroactively. Given that the saving period has expired, plaintiffs case had to be dismissed with prejudice. The judgment of the Court of Appeals is affirmed.
Young, C.J., and Markman and Mary Beth Kelly, JJ., concurred with ZAHRA, J.

 The physician who performed the colonoscopy is no longer a party to this suit.

 See MCL 600.2912b.

 Ligons v Crittenton Hosp, unpublished order of the Court of Appeals, entered January 16, 2008 (Docket No. 278622).

 Ligons v Crittenton Hosp, 482 Mich 1005 (2008).

 Ligons v Crittenton Hosp, unpublished order of the Court of Appeals, entered March 2, 2009 (Docket No. 288793).

 Ligons v Crittenton Hosp, 285 Mich App 337, 343-349; 776 NW2d 361 (2009).

 MCL 600.2912d(1)(d); Ligons, 285 Mich App at 349-351. The Court of Appeals partial dissent would have found the AOMs sufficient to comply with MCL 600.2912d, but acknowledged that the AOMs did not specify how the failure to admit Ligons to the hospital and obtain the appropriate consults on January 22, 2002, caused Ligons’s death or how taking these actions could have prevented her death eight days later. Ligons, 285 Mich App at 360-361 (Fitzgerald, J., concurring in part and dissenting in part).

 Id. at 350 (majority opinion), citing Roberts v Mecosta Co Gen Hosp (After Remand), 470 Mich 679, 699 n 16; 684 NW2d 711 (2004).

 Ligons, 285 Mich App at 350.

 Kirkaldy v Rim, 478 Mich 581; 734 NW2d 201 (2007).

 Ligons, 285 Mich App at 354.

 Id. at 353-354, citing Kirkaldy, 478 Mich at 585-586.

 Waltz v Wyse, 469 Mich 642; 677 NW2d 813 (2004).

 Ligons, 285 Mich App at 352, 354.

 Id. at 354.

 Id. at 355.

 Id.

 Id. at 356.

 Ligons v Crittenton Hosp, 486 Mich 977 (2010).

 Haynes v Neshewat, 477 Mich 29, 34; 729 NW2d 488 (2007).

 Id.

 Marketos v American Employers Ins Co, 465 Mich 407, 412-413; 633 NW2d 371 (2001).

 See Haynes, 477 Mich at 35; Marketos, 465 Mich at 413.

 1986 PA 178; 1993 PA 78; see Scarsella v Pollak, 461 Mich 547, 548; 607 NW2d 711 (2000); Solowy v Oakwood Hosp Corp, 454 Mich 214, 228; 561 NW2d 843 (1997).

 Solowy, 454 Mich at 228.

 MCL 600.2169 governs the qualifications of expert witnesses in medical malpractice actions.

 Scarsella, 461 Mich 547.

 Scarsella, 461 Mich at 549, quoting Scarsella v Poliak, 232 Mich App 61, 64; 591 NW2d 257 (1998).

 Emphasis added.

 Scarsella, 461 Mich at 549, quoting Scarsella, 232 Mich App at 64.

 At the time Scarsella was decided, MCR 2.118(D) provided:
Except to demand a trial by jury under MCR 2.508, an amendment relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

 Scarsella, 461 Mich at 550, quoting Scarsella, 232 Mich App at 65.

 Scarsella, 461 Mich at 550, quoting Scarsella, 232 Mich App at 65.

 Scarsella, 461 Mich at 553.

 Id. at 551-552.

 Id. (discussing the result in Gregory v Heritage Hosp, decided sub nom Dorris v Detroit Osteopathic Hosp Corp, 460 Mich 26; 594 NW2d 455 [1999]).

 MCL 600.5856 provides, in pertinent part:
The statutes of limitations or repose are tolled in any of the following circumstances:
(a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

 Kirkaldy, 478 Mich at 585.

 Saffian v Simmons, 477 Mich 8; 727 NW2d 132 (2007).

 Kirkaldy, 478 Mich at 586, quoting Saffian, 477 Mich at 13.

 Kirkaldy, 478 Mich at 586.

 Waltz, 469 Mich at 650.

 Id. at 650-651, quoting Lindsey v Harper Hosp, 455 Mich 56, 65; 564 NW2d 861 (1997); see also Miller v Mercy Mem Hosp, 466 Mich 196, 202; 644 NW2d 730 (2002) (“[MCL 600.5852] is a saving statute, not a statute of limitations.”).

 Although Justice CAVANAGH discusses Bush in his dissent, he does not address why dismissal was inappropriate here given Kirkaldy’s holding that dismissal is the appropriate remedy for a defective AOM.

 Regardless of the fact that a provision for “mandatory dismissal with prejudice” is unnecessary in MCL 600.2912(d) because the statute of limitations necessitates dismissal, Justice Hathaway’s dissent proceeds with a misguided and fruitless search for legislative direction that a defective AOM requires “mandatory dismissal with prejudice.” Unsurprisingly, she finds no such mandate, concluding instead that the Legislature rejected “mandatory dismissal” in light of its interpretation of a provision of the initial notice legislation that the Legislature never adopted.
Although “actions of the Legislature in considering various alternatives in language in statutory provisions before settling on the language actually enacted” may constitute a legitimate form of legislative history, In re Certified Question from the United States Court of Appeals for the Sixth Circuit, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003), Justice Hathaway’s use of it here exemplifies the shortcomings inherent in that approach. To reasonably discern legislative intent from rejected language, the rejected provision should be considered as a whole, rather than piecemeal as Justice Hathaway does by only looking at the first sentence of the provision. The full provision stated:
Except as otherwise provided in this subsection, in an action alleging medical malpractice, the court shall dismiss a claim not included in the notice required under [MCL 600.2912f], This subsection does not apply to a claim that results from previously unknown information gathered during discovery. [Format altered from strikethrough/insert format to show language as proposed.]
*76 On this same issue, Justice Markman observed the following in Bush:
As an initial matter, this seems entirely unrelated to the statute of limitations under which dismissal is granted. The Legislature’s rejection of an unrelated provision can hardly be used to alter the clear meaning of a statute. It seems far more reasonable to conclude that the Legislature rejected this provision in favor of [MCL 600.2912b(3)], which provides for similar treatment of the same subject matter: undiscovered claims.... How can [Justice Hathaway] draw an informed conclusion concerning legislative history from a provision never enacted without even considering a provision that has been enacted and actually substituted for the never-enacted provision? [Bush, 484 Mich at 203-204 (Markman, J., dissenting).]

 We decline plaintiff’s invitation to overrule the prior decisions of this Court instead of adhering to the doctrine of stare decisis. “Stare decisis means ‘To abide by, or adhere to, decided cases.’ ” Robinson v Detroit, 462 Mich 439, 463 n 20; 613 NW2d 307 (2000), quoting Black’s Law Dictionary (rev 4th ed), p 1577. As both this Court and the United States Supreme Court have recognized, “[s]tare decisis is generally ‘the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.’ ” Robinson, 462 Mich at 463, quoting Hohn v United States, 524 US 236, 251; 118 S Ct 1969; 141 L Ed 2d 242 (1998). Plaintiff has not argued why we should veer away from the stare decisis course, and we decline to revisit the body of caselaw involved here.

 Notably, Dr. Thomas’s AOM did not include any statements regarding the applicable standard of practice or care, his opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice, or the actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care. Therefore, regardless of his statement of proximate cause, Dr. Thomas’s AOM was statutorily deficient.

 See Roberts, 470 Mich at 696 n 14; Boodt v Borgess Med Ctr, 481 Mich 558, 560-561; 751 NW2d 44 (2008).

 Swanson v Port Huron Hosp (On Remand), 290 Mich App 167, 176; 800 NW2d 101 (2010) (citation omitted).

 We also note that the dissents’ interpretations render superfluous the words “manner in which” as used in MCL 600.2912d(1)(d). Simply stated, the dissents do not read MCL 600.2912d(1)(d) as requiring a statement of “[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.” Instead, the statute is read only to require a statement that “the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.” Because the dissents’ reading of MCL 600.2912d(1)(d) renders the words “manner in which” meaningless, it must he rejected. See Pittsfield Charter Twp v Washtenaw Co, 468 Mich 702, 714; 664 NW2d 193 (2003); see also Grimes v Dep’t of Transp, 475 Mich 72, 89; 715 NW2d 275 (2006). Although Justice HATHAWAY insists that “[o]ur courts have consistently interpreted the word ‘manner’... as allowing for a single word description such as ‘homicide,’ ‘suicide,’ or ‘accident,’ ” post at 101, it is noteworthy that she does not cite a single case that held that the requirement of MCL 600.2912d(1)(d) to state “[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice” can be satisfied by a single word description such as “malpractice” or even by “a similarly succinct description such as ‘the malpractice caused the death,’ ’’post at 102. This is because no case has ever so held inasmuch as such a holding would he inconsistent with the explicit directive of MCL 600.2912d(1)(d) to state “[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.” *79 (Emphasis added.) Merely stating that “the malpractice caused the death” does not explain the manner in which the malpractice caused the death.

 Justice Hathaway argues that the statements contained in the NOI can satisfy the AOM requirements. See post at 102-103. This argument fails to appreciate, however, that MCL 600.2912d(1)(d) very clearly states that the AOM “shall contain a statement” regarding “[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.” (Emphasis added.) It does not state that either the NOI or the AOM shall contain such a statement; it states that the AOM shall contain such a statement. Therefore, whether the NOI contains such a statement is irrelevant to the question whether the AOM contains the statements required by MCL 600.2912d(1).

 Bush, 484 Mich 156.

 Contrary to Justice Hathaway’s contention, see post at 106-107, Kirkaldy is not significantly distinguishable from the instant case. Kirkaldy held that the appropriate remedy for a defective AOM is dismissal. The fact that the defects in the affidavits of merit are not identical does not change the fact that the appropriate remedy remains dismissal.

 As discussed later in this opinion, MCR 2.112 and MCR 2.118 were amended, effective May 1, 2010. 485 Mich cclxxv-cclxxvi (2010).

 This one-time, automatic ability to revise may be exercised “within 14 days after serving the pleading if it does not require a responsive pleading.” MCR 2.118(A)(1).

 Former MCR 2.118(D) (version effective January 1, 2001, through April 30, 2010, see 463 Mich at clvii [2000]; 485 Mich at cclxxvi [2010]).

 MCR 2.110(A) (emphasis added; formatting altered).

 Haynes, 477 Mich at 35.

 Barnett v Hidalgo, 478 Mich 151, 161; 732 NW2d 472 (2007).

 Further, the Barnett Court’s conclusion that an AOM may be offered at trial as an admission was based on the following logic: an AOM is a “sworn statement” regarding the issues addressed and “by filing the affidavit of merit with the court, [a] plaintiff manifests ‘an adoption or belief in its truth.’ ” Barnett, 478 Mich at 160-161, quoting MRE 801(d)(2)(B), which permits admission of “a statement of which the party has manifested an adoption or belief in its truth.” Barnett also cited former MRPC 3.3(a)(4), which referred to a lawyer’s general duty to *82 refrain from offering “evidence that the lawyer knows to be false.” Id. at 161; see 488 Mich cxxix, cxxxiii (2010). It supported this logic, in turn, not by characterizing an AOM as a pleading, but by reference to other cases permitting the introduction of third-party affidavits — without regard to whether they were filed with the pleadings — as adoptive admissions. Id. at 161 n 4.

 Scarsella, 461 Mich at 549, quoting Scarsella, 232 Mich App at 64.

 Miller v Allstate Ins Co, 481 Mich 601, 613; 751 NW2d 463 (2008).

 Plaintiff also cites Jackson v Detroit Med Ctr, 278 Mich App 532, 543-544; 753 NW2d 635 (2008), in which the Court of Appeals held that the trial court had discretion to decide whether an AOM could be amended under MCR 2.118(A). The Jackson plaintiff sought to amend an AOM that was sufficient under MCL 600.2912d(1) in order to assert liability under new theories. Id. With regard to deficient AOMs such as those at issue here, Jackson reiterated that, under Kirkaldy and Scarsella, the proper remedy is dismissal. Id. at 543.

 Scarsella, 461 Mich at 549, quoting Scarsella, 232 Mich App at 64, quoting MCL 600.2912d(1) (emphasis added).

 And see Boodt, 481 Mich at 562-563, which observed that a plaintiff “cannot commence an action before he or she files a notice of intent that contains all the information required under [MCL 600.2912b(4)]” and that, if the plaintiff fails to do so, a subsequently filed complaint and affidavit of merit do not toll the period of limitations.

 Emphasis added.

 MCL 600.2912e(1). Instead of answering, a medical malpractice defendant also has a unique alternative option to “file with the court an affidavit certifying that he or she was not involved, either directly or indirectly, in the occurrence alleged in the action.” MCL 600.2912c(1).

 See MCL 600.2912d(1); Solowy, 454f Mich at 228.

 Compare Scarsella, 461 Mich at 550.

 Bush, 484 Mich 156.

 Even if an affidavit of merit is part of a “proceeding” and subject to amendment under MCL 600.2301, Bush held that MCL 600.2301 requires an initial good-faith attempt to comply with the statutory requirements. Plaintiff did not do so in this case. In Bush, 484 Mich at 183-184, the Court held that the defendant’s response to the plaintiffs NOI, stating “ ‘the current medical condition of Gary Bush was not in any way caused or contributed by the activities of Dr. Shabahang,’ ” was “utterly lacking in a good-faith attempt to comply.” The defendant’s statement demonstrated a lack of a good-faith attempt to comply because it merely stated in a conelusory fashion that the defendant’s alleged negligence did not cause the plaintiff’s injury. Indeed, every justice in Bush agreed on this point. See id. at 182-184; id. at 205-206 (Makkman, J., dissenting). Similarly, plaintiffs statement here demonstrated a lack of a good-faith attempt to comply because it merely stated in a conelusory fashion that defendants’ negligence caused Ligons’s death. It did not at all explain the manner in which defendants’ negligence caused her death. Therefore, we respectfully disagree with Justice CAVANAGH’s assertion that “the contents of the AOM do not evidence an utter lack of a good-faith attempt to comply with the proximate-causation requirement of MCL 600.2912d(1)(d).” Post at 95.
Furthermore, contrary to Justice CAVANAGH’s contention, “defendant’s substantial rights would be affected by permitting” MCL 600.2301 to cure what he refers to as the “technical defect in the AOM ....” Post at 96-97. MCL 600.2912d(l)(d) very clearly states that a medical malpractice plaintiff “shall file with the complaint an affidavit of merit” and that this affidavit “shall contain a statement” regarding “[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.” (Emphasis added.) Allowing a medical malpractice plaintiff to proceed in an action against a defendant even though the plaintiff did not provide such an affidavit affects the defendant’s substantial right to have the law mean what it says.

 Freer v White, 91 Mich 74, 76; 51 NW 807 (1892).

 The substance of the amendments is not at issue here.

 See Ligons, 486 Mich at 978 (CORRIGAN, J., dissenting in part).

 Reitmeyer v Schultz Equip & Parts Co, Inc, 237 Mich App 332, 337; 602 NW2d 596 (1999) (quotation marks and citation omitted).

 See Solosth v Pere Marquette R Co, 255 Mich 62, 66; 237 NW 554 (1931).

 Plaintiff is the second personal representative of Ligons’s estate.