*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RENEE DUNIGAN and MICHELLE COLSTON,
Next Friends of A.C., D.W., and S.W.,

Plaintiffs-Appellees,

v

STATE OF MICHIGAN,

Defendant-Appellant.

UNPUBLISHED
December 10, 2025
11:55 AM

No. 369112
Genesee Circuit Court
LC No. 22-117333-CD

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

On May 16, 2022, plaintiffs, Renee Dunigan and Michelle Colston, with Colston additionally acting as next friend for her three minor children, A.C., D.W., and S.W.,[1] filed their initial complaint in state circuit court alleging defendant, State of Michigan,[2] violated their civil rights in violation of the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, on the night of April 21, 2021. Plaintiffs did not file a written claim or notice of intent to file claim in the Court of Claims in compliance with the Court of Claims Act (COCA), MCL 600.6401 *et seq.*, in reliance upon the holding in the then-applicable, binding precedent, *Tyrrell v Univ of Mich*, 335 Mich App 254, 272; 966 NW2d 219 (2020), that such compliance was not required for cases properly brought in the circuit court. Subsequent to *Tyrrell*, the Michigan Supreme Court issued *Christie v Wayne State Univ*, 511 Mich 39, 64; 993 NW2d 203 (2023), which overruled *Tyrrell* by holding that all claimants, except for those pursuing claims expressly exempted by § 6431 of the

---

[1] See MCR 2.201(E)(1)(b). Unless otherwise indicated, "plaintiffs" refers to all five individuals.

[2] Plaintiffs' initial complaint additionally listed the Michigan State Police and various employees of the Michigan State Police alleged to have been acting in both their individual and official capacities as defendants. However, before any defendant answered or otherwise responded to this initial complaint, plaintiffs filed a first amended complaint listing the State of Michigan as the only defendant. This is the complaint that was served, to which the State of Michigan responded (as the sole defendant), and that the trial court dismissed when it granted the State of Michigan's motion for summary disposition.

COCA, are required to file a written claim or notice of intent to file a claim in the Court of Claims in compliance with § 6431 when suing the State of Michigan, even if the lawsuit itself is being pursued in circuit court instead of the Court of Claims.

The sole issue on appeal is whether *Christie* applies retroactively. However, in light of this Court's most recent published decision on the issue, *Hudson v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 367902) (*Hudson II*), a decision of a special panel of this Court tasked with resolving a conflict of earlier published opinions pursuant to MCR 7.215(J), we are required by MCR 7.215(J)(6) and the rule of stare decisis to hold that *Christie* does, in fact, apply retroactively.

## I. FACTUAL BACKGROUND

Plaintiffs' allege that their home was forcefully raided on the night of April 21, 2021 by the Michigan State Police (MSP). Without the MSP officers knocking or announcing their presence, troopers broke down the home's front door with a battering ram and entered with weapons drawn. Plaintiffs, including three minor children, were then detained at gunpoint for approximately an hour before the MSP officers acknowledged that they raided the wrong home.

## II. PROCEDURAL HISTORY

Based upon the conduct described above, on May 16, 2022, plaintiffs filed a complaint asserting a single cause of action under the ELCRA against defendant and seeking compensatory and declaratory relief. See note 2 of this opinion. Before any answer or other response to the complaint was filed, plaintiffs filed a first-amended complaint (FAC), on July 25, 2022, naming only the "State of Michigan" as the defendant. In lieu of answering the FAC, on October 18, 2022 defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), arguing that plaintiffs failed to state a cognizable ELCRA discrimination claim, and that it was further entitled to governmental immunity pursuant to Government Tort Liability Act (GTLA), MCL 691.1401 *et seq.* In their response, plaintiffs argued, *inter alia*, that governmental immunity is not a defense to an ELCRA claim because the act explicitly authorizes private causes of actions against governmental entities, including the state. A hearing was then conducted and the trial court entered an order denying the motion.

Based upon the denial of its motion for summary disposition on the issue of governmental immunity under the GTLA, defendant then filed an appeal of right pursuant to MCR 7.203(A) and MCR 7.202(6)(a)(v). This Court then granted plaintiff's motion to dismiss that appeal, finding "no indication that the trial court denied a claim of governmental immunity raised by appellant," and that the issue in this case was "properly considered under MCR 2.116(C)(8) and does not involve a denial of governmental immunity." *Dunigan v Michigan*, unpublished order of the Court of Appeals, issued on April 5, 2022 (Docket No. 364258).

On April 27, 2023, defendant then filed a delayed application for leave to appeal, again seeking to have this Court consider its assertion that plaintiff's claim was barred pursuant to the GTLA. *Dunigan v Michigan* (Docket No. 365893). While that application was pending, the Michigan Supreme Court released its opinion in *Christie*, holding that the Court of Claims notice

-2-

provision contained in MCL 600.6431 applies to ELCRA and other claims brought against the State of Michigan filed in state circuit court.[3] *Christie*, 511 Mich at 64.

Defendant then filed an unopposed motion for this Court to hold its delayed application in abeyance, pending the outcome of a motion for summary disposition that it intended to file in the trial court based upon *Christie*. However, plaintiff subsequently filed an answer to the delayed application and this Court ultimately denied that motion and denied the delayed application. *Dunigan v Michigan*, unpublished order of the Court of Appeals, issued November 9, 2023 (Docket No. 365893).

While the delayed application was pending, on August 3, 2023, defendant filed a supplemental motion for summary disposition pursuant to MCR 2.116(C)(7) in the trial court, asserting that it was entitled to retroactive application of *Christie*'s holding, so as to bar plaintiffs' ELCRA claim against the defendant based upon their failure to comply with the notice provision under MCL 600.6431. Plaintiff filed a response, defendant replied and, following oral argument, the trial court entered an order on December 6, 2023 denying the supplemental motion for summary disposition. The trial court found that *Christie* should not apply retroactively to this case based upon plaintiffs' reliance on *Tyrrell*'s then-binding precedent, which said that notice under MCL 600.6431 was not required for cases properly brought in the circuit court. *Tyrrell*, 335 Mich App at 272. Defendant responded by filing another appeal of right from the trial court's December 6, 2023 order denying summary disposition on the issue of governmental immunity pursuant to MCR 7.203(A) and MCR 7.202(6)(a)(v)).

## III. LEGAL BACKGROUND

In *Tyrrell*, this Court held that the notice provisions set forth in § 6431 of the COCA only apply to Court of Claims proceedings, and not to proceedings in which plaintiff is permitted to bring suit against the State of Michigan in circuit court (such as the ELCRA claim at issue here). *Tyrrell*, 335 Mich App at 272. Approximately two-and-a-half years later, the Michigan Supreme Court issued its opinion in *Christie* holding that, when suing the State of Michigan, a plaintiff must comply with MCL 600.6431's notice provisions, even when the proper forum for the lawsuit is a state circuit court, rather than the Court of Claims, unless the claim is exempted by the statute.[4] *Christie*, 511 Mich at 64. While this decision expressly overruled *Tyrrell*, it did not address the issue of whether its holding should have retroactive application to pending litigation as it applied to litigants that did not comply with the COCA's notice provisions.

---

[3] Subsection (1) of MCL 600.6431 states: "Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." Subsection (4) states: "For a claim against this state for property damage or personal injuries, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim."

[4] The plaintiff's claims in *Christie* were brought forth under the ELCRA and the Persons with Disabilities Civil Rights Act.

Three published decisions of this Court issued in late 2024 address *Christie*'s retroactivity. The first, *Flamont v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367863), held that *Christie* was "fully retroactive." *Flamont*, ___ Mich App at ___; slip op at 6. But the issue of a plaintiff's reliance upon *Tyrrell* in failing to comply with MCL 600.6431's notice provisions was not (and could not have been) addressed in *Flamont*, because *Tyrrell* was issued on December 22, 2020, after the date by which the plaintiff in *Flamont* would have been required to file such notice.

This Court then released *Landin v Dep't of Health and Human Services*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367356), which held that *Christie* is not applied retroactively in cases in which the applicable COCA notice period lapsed during the period of time when *Tyrrell* was a binding precedent, i.e., during the time that parties relied upon this Court's opinion in *Tyrrell*. *Landin*, ___ Mich App at ___; slip op at 8-9. The *Landin* Court indicated that the procedural posture addressed in its case was materially different from *Flamont*, and this difference provided a previously unconsidered basis on which to distinguish *Flamont*. *Id*.

Lastly, in *Hudson v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367902) (*Hudson I*), a panel of this Court held that it was bound to follow *Landin* and reversed the trial court's grant of summary disposition pursuant to MCR 2.116(C)(7) based upon the plaintiff's failure to comply with the notice provision under MCL 600.6431. But the *Hudson I* panel noted its disagreement with the *Landin* decision, indicated that it appeared to be in conflict with *Flamont*, and called for a special panel to be convened to consider the conflict pursuant to MCR 7.215(J)(3). *Id.* at ___; slip op at 1.

A special panel was convened to resolve the conflict between *Landin* and *Flamont*, and that panel issued *Hudson v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 367902) (opinion by MALDONADO, J.) (*Hudson II*). *Hudson II* held that *Christie* is retroactive in every case, with one judge issuing a concurring opinion and one judge issuing a dissent. *Hudson II* found its case was "materially indistinguishable" from *Landin*, because the plaintiff "filed her claim against the MDOC in the circuit court after *Tyrrell* and before *Christie*, and she did not comply with the notice requirement in MCL 600.6431(1)." *Hudson II*, ___ Mich App at ___ ; slip op at 4.

## IV.  STARE DECISIS

"A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." MCR 7.215(C)(2). "The essence of the common law doctrine of precedent or stare decisis is that the rule of the case creates a binding legal precept." *People v Eliason*, 300 Mich App 293, 312, 833 NW2d 357 (2013) (quotation marks and citation omitted). This doctrine "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Ligons v Crittenton Hosp*, 490 Mich 61, 76 n 46, 803 NW2d 271 (2011) (quotation marks and citation omitted). Accordingly, "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, *or by a special panel of the Court of Appeals . . . .*" MCR 7.215(J)(1) (emphasis added).

Pursuant to MCR 7.215(J)(6), we are bound to follow the decision of the special panel of the Court of Appeals in *Hudson II*. That decision holds that the *Landin* panel was bound to follow *Flamont* by holding that *Christie* is fully retroactive. *Hudson II*, ___ Mich App at ___; slip op at 5. It further holds that, because *Landin* conflicts with this Court's binding opinion in *Flamont*, it shall no longer have precedential effect. *Id*. at ___, slip op at 6. Based on the foregoing, we find that the trial court erred by denying summary disposition to the defendant.

We reverse and remand to the trial court for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel