# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## KOSTADINOVSKI v HARRINGTON

Docket No. 162909. Argued on application for leave to appeal December 7, 2022. Decided July 6, 2023.

Drago and Blaga Kostadinovski brought a medical malpractice action in the Macomb Circuit Court against Steven D. Harrington (the doctor) and Advanced Cardiothoracic Surgeons, PLLC, asserting six specific theories with respect to how the doctor breached the standard of care throughout the course of Drago's mitral-valve-repair surgery in December 2011, during which Drago suffered a stroke. Plaintiffs timely served defendants with a notice of intent (NOI) to file suit in accordance with MCL 600.2912b, timely served the complaint, and timely served the affidavit of merit; the same six negligence theories outlined in the NOI regarding the alleged breaches of the standard of care were asserted by plaintiffs in the complaint and by plaintiffs' expert in the affidavit of merit. Following the close of discovery, defendants moved for summary disposition, arguing that plaintiffs' experts were unable to validate or support the six negligence theories asserted by plaintiffs in the NOI, affidavit of merit, and complaint. Plaintiffs agreed to the dismissal of their existing, unsupported negligence allegations and complaint but moved to amend the complaint to assert a new theory: that the doctor breached the standard of care by failing to adequately monitor Drago's hypotension and to transfuse him to maintain Drago's blood pressure. The court, Kathryn A. Viviano, J., denied the motion to amend the complaint, reasoning that amendment would be futile given that the existing NOI would be rendered obsolete because it did not include the new malpractice theory. Plaintiffs appealed and defendants cross-appealed. The Court of Appeals, BORRELLO, P.J., MURPHY and RONAYNE KRAUSE, JJ., reversed and remanded to the trial court for it to apply MCL 600.2301, which concerns amendment of pleadings, in considering whether plaintiffs should be allowed to amend the NOI. 321 Mich App 736 (2017) (*Kostadinovski I*). In footnote 6 of the opinion, the Court of Appeals rejected plaintiffs' argument that MCL 600.2912b simply requires the service of an NOI before suit is filed and that once a compliant and timely NOI is served, as judged at the time suit is filed and by the language in the original complaint, the requirements of the statute have been satisfied. Defendants sought leave to appeal and plaintiffs cross-appealed. After hearing oral argument on the applications, the Supreme Court denied the applications, leaving in place the Court of Appeals opinion in *Kostadinovski I*. 503 Mich 1009 (2019). On remand, the trial court denied plaintiffs' motion to amend, concluding that amendment would be futile and that amending the complaint would contravene the MCL 600.2912b requirement that written notice be given to a health professional or health facility before a complaint is filed. Plaintiffs appealed. In an unpublished per curiam opinion issued March 11, 2021 (Docket No. 351773) (*Kostadinovski II*),

the Court of Appeals, SWARTZLE, P.J., and MARKEY and TUKEL, JJ., affirmed, reasoning that it was bound to follow the previous panel's conclusion in footnote 6 in *Kostadinvoski I*. Plaintiffs appealed, and the Supreme Court ordered and heard oral argument on whether to grants plaintiffs' application for leave to appeal or take other action. 508 Mich 982 (2021).

In an opinion by Justice BERNSTEIN, joined by Chief Justice CLEMENT and Justices CAVANAGH and WELCH, in lieu of granting leave to appeal, the Supreme Court *held*:

The NOI requirement of MCL 600.2912b—that written notice be given to a health professional or health facility before a complaint is filed—does not apply to an already-existing defendant after a medical malpractice action has commenced. Thus, a plaintiff does not have to serve a new NOI on an already-existing defendant if a new, separate theory of causation comes to light during the discovery process. Because the trial court concluded otherwise, it necessarily abused its discretion when it denied plaintiffs' motion to amend their complaint on the basis that amendment would be futile and that amending the complaint would contravene the MCL 600.2912b NOI requirement. The Court of Appeals' judgment affirming the trial court order was reversed, and footnote 6 of *Kostadinovski I* was vacated to the extent the Court of Appeals' holding in *Kostadinovski II* relied on it.

1. MCL 600.2912b(1) provides that, except as otherwise provided in MCL 600.2912b, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice not less than 182 days before the action is commenced. The purpose of the notice requirement—to promote settlement without the need for formal litigation—cannot be realized when the litigation has already been commenced. Thus, under the statute, the NOI requirement only applies before the action is commenced; the purpose of the notice requirement would not be furthered after an action has been commenced with already-existing defendants who have previously benefited from a pre-suit waiting period. Therefore, there is no NOI requirement for an already-existing defendant after a medical malpractice action has been commenced. This conclusion is strongly supported by the language of MCL 600.2912b(3), which sets forth one situation in which an NOI is required after suit has been commenced: when a plaintiff seeks to add a *new* defendant. The explicit carveout in Subsection (3) strongly supports the conclusion that there are no other instances in which an NOI is required mid-suit. MCL 600.2912b(6) provides further support for that conclusion. Specifically, Subsection (6) refers to the tacking or addition of successive 182-day waiting periods for additional NOIs; there is nothing in the language of the provision that suggests that this applies to mid-suit NOIs as opposed to pre-suit NOIs, whereas the NOI requirement of Subsection (1) explicitly only applies before the action is commenced. Had the Legislature intended otherwise with regard to Subsection (1), it would have spelled out a similarly specific procedure for the NOI requirement to apply to already-existing defendants mid-suit.

2. In this case, plaintiffs served defendants with a compliant NOI and waited the statutorily designated 182 days before filing their complaint. Caselaw involving defective NOIs, like *Bush v Shabahang*, 484 Mich 156 (2009), did not apply because plaintiffs' NOI was not defective at the time the complaint was filed, and the analysis did not change even though MCR 2.112(L)(2) might allow a defendant to challenge an NOI for good cause. Because plaintiffs had already commenced the action when they sought to amend their complaint, MCL 600.2912b did not require plaintiffs to seek to amend their NOI. Because the trial court concluded otherwise, it necessarily abused its

discretion when it denied plaintiffs' motion to amend their complaint on the basis that amendment would be futile and that amending the complaint would contravene the MCL 600.2912b NOI requirement.

Court of Appeals judgment reversed; trial court order denying plaintiffs' motion to amend their complaint vacated; and case remanded for reconsideration of plaintiffs' motion to amend.

Justice ZAHRA, dissenting, disagreed with the majority's conclusion that MCL 600.2912b does not apply when a plaintiff seeks to amend their complaint against an already-named defendant after suit has commenced. MCL 600.2912b does not expressly address amendments to an NOI. However, MCL 600.2912b(6)'s reference to "*additional* notices [that] are subsequently filed for *that* claim" refers to additional NOIs relating to a particular claim that has been filed and not a *separate* NOI that must be sent to new parties. In this way, MCL 600.2912b contemplates that an existing party is entitled to additional NOIs after the action commenced, while nonexisting defendants are entitled to separate and independent NOIs before being summoned to litigate an existing action. Previous Michigan appellate opinions, beginning with *Bush*, have recognized that MCL 600.2912b(6) specifically contemplates that additional NOIs may be filed. Further, MCR 2.112(L)(2)(a) plainly allows for NOIs to be challenged for good cause after a defendant has filed its first response to the complaint; thus, it is not relevant that a NOI is not defective at the time a complaint was filed because it may later be challenged for good cause. *Bush*, caselaw applying *Bush*, and MCR 2.112(L) undermine the majority's conclusion that the NOI requirement only applies before the action is commenced. MCL 600.2912b(3), which provides that a separate NOI is expressly required after a new, *separate* defendant is added to an action, was not dispositive because defendants never received any notice of the new theory of negligence. Indeed, the Court's reliance on MCL 600.2912b(3) was a red herring given that defendants never had a waiting notice period to evaluate plaintiffs' new theory of causation. Further, the provision was not applicable to whether the trial court abused its discretion by denying plaintiffs' motion to amend their complaint. Instead, MCL 600.2301 allows a plaintiff to amend the NOI and preserve tolling unless the plaintiff failed to make a good-faith effort to comply with MCL 600.2912b(4). Because the statutory language does not compel the majority's interpretation and MCL 600.2912b(6) specifically contemplates that additional notices of intent may be filed, as reflected by precedent, the NOI requirement does not *only* apply before the action is commenced. Rather, MCL 600.2912b entitles a defendant to formal notice when a brand-new claim comes to light during discovery; it does not require an additional NOI to be filed each time a plaintiff seeks to amend a complaint. Relevant here, plaintiffs had in their possession the document that purportedly supported their new causation theory even before the NOI was mailed, and defendants were prejudiced by having to litigate plaintiffs' original baseless claims for two years. Accordingly, the Court's opinion denies plaintiffs all rights provided by MCL 600.2912b, unwisely abrogates Supreme Court precedent without discussion, and renders MCL 600.2912b a dead letter, thereby thwarting any purpose the Legislature intended when enacting the statute. Justice ZAHRA would have affirmed the judgment of the Court of Appeals and the order of the trial court.

Justice VIVIANO did not participate in the disposition of this case because of a familial relationship with the presiding circuit court judge in this case.

Justice BOLDEN did not participate in the disposition of this case because the Court considered it before she assumed office.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED July 6, 2023

STATE OF MICHIGAN

SUPREME COURT

DRAGO KOSTADINOVSKI and BLAGA
KOSTADINOVSKI,

      Plaintiffs-Appellants,

v                               No. 162909

STEVEN D. HARRINGTON, M.D., and
ADVANCED CARDIOTHORACIC
SURGEONS, PLLC,

      Defendants-Appellees.

BEFORE THE ENTIRE BENCH (except VIVIANO and BOLDEN, JJ.)

BERNSTEIN, J.

This is the second time this case has come before us. Previously, we considered whether, "consistent with MCL 600.2912b, a plaintiff in a medical malpractice case may amend the complaint to include newly discovered claims against an existing defendant."

*Kostadinovski v Harrington*, 503 Mich 869 (2018). We subsequently denied leave,[1] which left in place the published Court of Appeals opinion, *Kostadinovski v Harrington*, 321 Mich App 736; 909 NW2d 907 (2017) (*Kostadinovski I*).

MCL 600.2912b concerns the requirement to file a notice of intent (NOI) to file suit in medical malpractice cases. We now consider a related, but more specific question: what application does MCL 600.2912b have when a plaintiff in a medical malpractice case seeks to amend a complaint to add new theories against an existing defendant? We hold that MCL 600.2912b does not apply where a plaintiff seeks to amend their complaint against an already-named defendant after suit has already been commenced. Accordingly, we reverse the judgment of the Court of Appeals[2] and remand this case to the trial court for further proceedings that are consistent with this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While the procedural history of this case is somewhat long and complex, the underlying facts have remained unchanged since this case was first before the Court of Appeals. In that opinion, the Court of Appeals set forth the following facts and background:

> On December 9, 2013, plaintiffs [Drago and Blaga Kostadinovski] served defendants [Dr. Steven D. Harrington and Advanced Cardiothoracic Surgeons, PLLC] with the NOI, asserting that on December 14, 2011, the doctor [defendant Dr. Steven D. Harrington] had performed robotic-assisted [mitral-valve-repair] surgery on Mr. Kostadinovski and that, as subsequently

---

[1] *Kostadinovski v Harrington*, 503 Mich 1009 (2019).

[2] *Kostadinovksi v Harrington*, unpublished per curiam opinion of the Court of Appeals, issued March 11, 2021 (Docket No. 351773).

2

determined, Mr. Kostadinovski suffered a stroke during the course of the procedure. The NOI listed six specific theories with respect to the manner in which the doctor allegedly breached the applicable standard of care relative to the surgery and preparation for the surgery, along with identifying related causation claims. On June 4, 2014, an expert for plaintiffs executed an affidavit of merit that listed the same six negligence theories outlined in the NOI in regard to the alleged breaches of the standard of care. On June 5, 2014, plaintiffs filed their medical malpractice complaint against defendants, along with the affidavit of merit, alleging that the doctor breached the standard of care in the six ways identified in the NOI and affidavit of merit. The causation claims were also identical in all three legal documents. . . .

On March 21, 2016, defendants filed a motion for summary disposition, arguing that, as revealed during discovery, plaintiffs' expert witnesses could not validate or support the six negligence theories set forth in the NOI, affidavit of merit, and complaint. On that same date, March 21, 2016, plaintiffs filed a motion to amend their complaint. Plaintiffs asserted that discovery had recently been completed and that discovery showed that Mr. Kostadinovski "was in a hypotensive state during the operation and was not adequately transfused." According to plaintiffs, this evidence was previously unknown and only came to light following the deposition of the perfusionist, the continuing deposition of the doctor, and the depositions of plaintiffs' retained experts. Plaintiffs sought to amend the complaint to allege negligence against the doctor "for failing to adequately monitor Mr. Kostadinovski's hypotension during the operation and failing to transfuse the patient so as to maintain the patient's blood pressure." On March 28, 2016, a hearing was held on plaintiffs' motion to amend the complaint, and the trial court decided to take the matter under advisement. On April 25, 2016, a hearing was conducted on defendants' motion for summary disposition, at which time plaintiffs agreed to the dismissal of their original complaint, given that their theories of negligence now lacked expert support, as did the causation claims that had been linked to the defunct negligence theories. Plaintiffs' motion to amend the complaint remained pending.

On April 29, 2016, the trial court issued a written opinion and order denying plaintiffs' motion to amend the complaint. [*Kostadinovski I*, 321 Mich App at 740-742.]

To summarize, after filing their medical malpractice complaint, plaintiffs subsequently filed a motion to amend their *complaint*, but did not file either a new NOI or a motion to amend their original NOI.

3

Plaintiffs appealed, and defendants cross-appealed. The Court of Appeals issued a published opinion that largely discussed only the application of MCL 600.2301, which concerns amendments. The Court of Appeals reversed and remanded to the trial court for that court to apply MCL 600.2301 in considering whether amendment of the NOI would be appropriate. To the extent that the Court of Appeals addressed MCL 600.2912b at all, the Court touched upon it only briefly in a footnote:

> Plaintiffs argue that MCL 600.2912b simply requires the service of an NOI before suit is filed and that once this is accomplished through the service of a proper and compliant NOI, *as judged at the time suit is filed and by the language in the original complaint*, the requirements of the statute have been satisfied, absent the need to revisit the NOI even if a new theory of negligence or causation is later developed that was not included in the NOI and that forms the basis of an amended complaint. If this were the law, the entire analysis in [*Decker v Rochowiak*, 287 Mich App 666; 791 NW2d 507 (2010),] would have been completely unnecessary because a proper and compliant NOI had been served on the defendants, as judged on the date the original complaint was filed and by the language in that complaint. Moreover, the approach suggested by plaintiffs would undermine the legislative intent and purpose behind MCL 600.2912b. [*Kostadinovski I*, 321 Mich App at 751 n 6.]

Defendants then sought leave to appeal in this Court, with plaintiffs filing a cross-appeal. Following oral argument, we denied leave, which left in place the Court of Appeals' opinion in *Kostadinovski I*. See *Kostadinovski v Harrington*, 503 Mich 1009 (2019). On remand, the trial court once again denied plaintiffs' motion to amend, concluding that amendment would be futile and that amending the complaint would run afoul of the requirement in MCL 600.2912b that written notice be given to a health professional or health facility before a complaint is filed. On appeal, the Court of Appeals relied on the footnote in *Kostadinovski I* to determine that the law-of-the-case doctrine prevented them from arriving at a different conclusion. *Kostadinovski v Harrington*,

4

unpublished per curiam opinion of the Court of Appeals, issued March 11, 2021 (Docket No. 351773) (*Kostadinovski II*), p 8.

Plaintiffs sought leave to appeal in this Court, continuing to argue that MCL 600.2912b does not apply under these circumstances. On November 23, 2021, we ordered oral argument on the application. *Kostadinovski v Harrington*, 508 Mich 982 (2021).

## II. STANDARD OF REVIEW

A decision to deny a motion to amend pleadings is within the discretion of the trial court, and reversal is only appropriate when the trial court abuses that discretion. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

This Court reviews questions of statutory interpretation de novo. *Wyandotte Electric Supply Co v Electrical Technology Sys, Inc*, 499 Mich 127, 137; 881 NW2d 95 (2016). "When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013), citing *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted." *Sun Valley Foods*, 460 Mich at 236.

III.  MCL 600.2912b AND THE NOTICE-OF-INTENT REQUIREMENT

In relevant part, MCL 600.2912b states:

(1) Except as otherwise provided in this section, a person *shall not commence* an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days *before the action is commenced*.

*  *  *

(3) The 182-day notice period required in subsection (1) is shortened to 91 days if all of the following conditions exist:

(a) The claimant has previously filed the 182-day notice required in subsection (1) against other health professionals or health facilities involved in the claim.

(b) The 182-day notice period has expired as to the health professionals or health facilities described in subdivision (a).

(c) The claimant has filed a complaint and commenced an action alleging medical malpractice against 1 or more of the health professionals or health facilities described in subdivision (a).

(d) The claimant did not identify, and could not reasonably have identified a health professional or health facility to which notice must be sent under subsection (1) as a potential party to the action before filing the complaint.  [Emphasis added.]

The plain language of the statute clearly states that the NOI requirement only applies "*before* the action is commenced."  MCL 600.2912b(1) (emphasis added).

Plaintiffs in this case appropriately served defendants with their NOI and waited the statutorily designated 182 days before filing their complaint.[3]  The action had already

---

[3] The NOI was not defective at the time the complaint was filed, and thus, caselaw involving defective NOIs, such as *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009), is inapposite.  The dissent points out that *Bush* notes, "[W]hether a medical malpractice action is commenced *for purposes of* [*MCL 600.5856(a)*] does not depend on

6

commenced when plaintiffs sought to amend their complaint; accordingly, MCL 600.2912b did not require plaintiffs to also seek to amend their NOI. As the Court of Appeals has previously stated, "The purpose of the notice requirement—to promote settlement without the need for formal litigation—cannot be realized *when the litigation has already been commenced*." *Decker*, 287 Mich App at 681 (emphasis added). See *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 705; 575 NW2d 68 (1997), citing Senate Legislative Analysis, SB 270 (August 11, 1993), and House Legislative Analysis, HB 4403-4406 (March 22, 1993). It is clear that the purpose of the notice requirement would not be furthered after an action has been commenced with already-existing defendants who have previously benefited from a pre-suit waiting period.

Both the plain language of MCL 600.2912b(1) and the purpose of the statute support the finding that there is no NOI requirement for an already-existing defendant after a medical malpractice action has been commenced. It is significant to note that MCL 600.2912b explicitly refers to one situation in which an NOI is required after suit has been commenced—i.e., when a plaintiff seeks to add a *new* defendant. See MCL 600.2912b(3). Such defendants are essentially in a pre-suit posture, as they have not yet been involved in the action, and the purpose of the notice requirement would not be frustrated. This explicit carveout in the statute for new defendants is strong support for the argument that there are

---

the presence or absence of defects within the NOI." *Bush*, 484 Mich at 171 n 26 (emphasis added). We are not concerned here with the application of MCL 600.5856(a) but, instead, with the application of MCL 600.2912b. The fact remains that this Court determined in *Bush* that the NOI was defective, which factually distinguishes *Bush* from this case. That MCR 2.112(L)(2) might allow a defendant to challenge an NOI for good cause does not change our analysis.

no other instances in which an NOI is required mid-suit. If the Legislature had intended for an NOI requirement to be imposed for both already-existing defendants as well as new defendants, it could have written MCL 600.2912b to state as much. That it did not is fatal to defendants' argument.

A review of the different waiting periods explicitly set out in the statute bears out this conclusion. Although MCL 600.2912b(6) refers to the tacking or addition of successive 182-day waiting periods for additional NOIs, there is nothing in the language of the provision that suggests that this applies to mid-suit NOIs as opposed to pre-suit NOIs.[4] In contrast, the language of MCL 600.2912b(1) is clear that the NOI requirement only applies "*before* the action is commenced." (Emphasis added.) It also bears noting that a shortened 91-day waiting period applies when new defendants are added mid-suit. See MCL 600.2912b(3). Given the specificity of this requirement, we are hard-pressed to explain why the Legislature would not have also spelled out a similarly specific procedure

---

[4] The dissent complains that we give consideration of MCL 600.2912b(6) short shrift because the provision refers to both an "initial notice" and "additional notices," which he takes to mean that the Legislature specifically contemplated the mid-suit filing of additional notices. Specifically, MCL 600.2912b(6) states that, after the initial notice is given, "the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified." However, there is nothing in the language of MCL 600.2912b(6) that clearly suggests that the additional notices are necessarily against the same defendants, given the language in the provision that the prohibition against the tacking of successive 182-day periods is "irrespective of the number of health professionals or health facilities notified." More importantly, the "tacking or addition of successive 182-day periods," MCL 600.2912b(6), suggests that these additional periods also take place at the same time as the initial notice, which is "*before* the action is commenced," MCL 600.2912b(1) (emphasis added). There is simply no indication in the text of MCL 600.2912b(6) that any additional notices necessarily happen *mid*-suit, as the dissent suggests.

8

for the situation at issue here if the Legislature had intended for the NOI requirement to apply to already-existing defendants mid-suit. It is also hard to imagine why newly added defendants would only get the benefit of a shortened 91-day notice period, but already-existing defendants who had previously received the benefit of the initial notice period might once again receive the benefit of another 182-day notice period, as defendants argue.

We hold that the NOI requirement of MCL 600.2912b does not apply to an already-existing defendant after a medical malpractice action has commenced.[5] This is also consistent with the caselaw governing affidavits of merit (AOMs). In *King v Reed*, 278 Mich App 504; 751 NW2d 525 (2008), the Court of Appeals addressed the AOM requirement of MCL 600.2912d. "Once an action has been commenced and an affidavit of merit in compliance with the statute has been filed with the complaint, the purpose of the statute has been fulfilled." *King*, 278 Mich App at 516. The Court of Appeals explained that the plain language of MCL 600.2912d made it clear that an AOM need only be filed with the original complaint and that the plaintiff did not need to file an amended AOM with his amended complaint. *Id*. at 519.

---

[5] The dissent accuses us of rendering MCL 600.2912b a "dead letter" because we read the statutory text as it was plainly written by the Legislature. The dissent would require new NOIs to be filed each time a plaintiff seeks to amend a complaint, regardless of whether a plaintiff had already fulfilled the obligations of MCL 600.2912b(1) to file written notice "before the action is commenced." If our interpretation of MCL 600.2912b would create a dead letter, the dissent's interpretation would create a zombie, resurrecting the pre-suit NOI requirement every time the realities of litigation require alterations to the claim already presented. The dissent's suggestion that defendants in this case were caught totally unaware of the new theory of malpractice ignores the practical realities of the lengthy discovery process.

Accordingly, the trial court's order holding otherwise was necessarily an abuse of discretion because it depended on an error of law. We similarly find that the Court of Appeals' holding in *Kostadinovski I* was erroneous. To the extent that footnote 6 of *Kostadinovski I* would suggest that our holding today is inconsistent with *Decker*,[6] we note that *Decker* stated:

> The amended complaint did not name new defendant parties, MCL 600.2912b(3), and it did not set forth any new potential causes of injury. Thus, plaintiff was only required under MCL 600.2912b(1) to provide the statutory notice before he *commenced* his lawsuit against these same defendants, and it is undisputed that the requisite notice was provided. Plaintiff was not required to file a second NOI with regard to these defendants after he was granted leave to file his amended complaint, a complaint that merely clarified plaintiff's claims against the . . . defendants. [*Decker*, 287 Mich App at 681.]

*Decker* involved an amended complaint to clarify theories included in the original NOI. Here, we are concerned with how a plaintiff may raise a new theory that was not included in the original NOI. It is thus difficult to see what tension exists between our holding today and the Court of Appeals' holding in *Decker*.

## IV. CONCLUSION

Because we hold that MCL 600.2912b does not apply under these circumstances, we reverse the judgment of the Court of Appeals. To the extent that the Court of Appeals' holding in *Kostadinovski II* relied on footnote 6 in *Kostadinovski I*, we vacate that portion of *Kostadinovski I*. We also vacate the trial court's order denying plaintiffs' motion to amend their complaint and remand this case to the trial court to reconsider whether

---

[6] *Kostadinovski I*, 321 Mich App at 752 n 6.

10

plaintiffs' motion to amend the complaint should be granted.  See MCR 2.118(A)(2);

*Weymers*, 454 Mich at 658-659.  We do not retain jurisdiction.

Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

11

# STATE OF MICHIGAN

## SUPREME COURT

DRAGO KOSTADINOVSKI and BLAGA
KOSTADINOVSKI,

      Plaintiffs-Appellants,

v                            No. 162909

STEVEN D. HARRINGTON, M.D., and
ADVANCED CARDIOTHORACIC
SURGEONS, PLLC,

      Defendants-Appellees.

ZAHRA, J. (*dissenting*).

Some 30 years ago, Michigan enacted comprehensive tort-reform legislation to ensure that medical malpractice claims are thoroughly investigated for legal merit and factual support before an action is commenced. Among the various prerequisites to commencing an action is the duty to provide a putative defendant with a written "notice of intent to file a claim" pursuant to MCL 600.2912b. A lawsuit cannot commence until after the 182-day notice period[1] passes following the mailing of notice of the intent to file a claim. The 182-day notice period affords a defendant the opportunity to investigate a claim and pursue settlement negotiations. If no settlement is reached and a plaintiff ultimately determines that an action should be pursued, a complaint must be filed along with an affidavit of merit, executed by a qualified healthcare provider, attesting that the provider

---

[1] The pertinent period may be shortened to 154 or 91 days under circumstances not relevant here. See MCL 600.2912b(3) and (8).

reviewed the pertinent medical records, that there is factual support that the defendant breached the applicable standard of care, and that this breach caused plaintiff harm.[2]

In this case, plaintiff served notice of intent to sue defendant, obtained an affidavit of merit, and later filed a complaint, all of which only alleged that defendant surgeon used an improper catheter during the surgery and that its use resulted in plaintiff's suffering a stroke. Some two years later, plaintiff abandoned the legal theory for which the notice of intent and the affidavit of merit were provided and agreed to dismiss these claims with prejudice.

Plaintiff then sought to amend his complaint to allege that defendant's failure to monitor plaintiff's low blood pressure during the surgery was the cause of the stroke. None of the above-mentioned documents remotely supported this entirely new theory. And, in fact, plaintiff's new theory assumes the truth of defendant's defense to plaintiff's original claim: the surgeon made the right call to use this catheter, and the device worked properly. Further, plaintiff possessed the surgical records that supported this new claim even before the notice of intent was mailed. For these reasons, the trial court declined plaintiff's motion for leave to amend the complaint. In my view, the trial court did not abuse its discretion by denying plaintiff leave to amend the complaint, first on the basis of MCR 2.118, the amendment-of-pleading court rule, and again after remand under MCL 600.2301, the amendment-of-pleadings-before-judgment statute.

---

[2] MCL 600.2912d.

2

The majority opinion holds that MCL 600.2912b does not apply when a plaintiff seeks to amend their complaint against an already-named defendant after suit has commenced. I disagree.

The language of MCL 600.2912b contemplates that a plaintiff may file additional notices of intent in support of a claim. *Additional* notices refer to notices in addition to an existing claim, and not *separate* initial notices that must be sent to then unnamed defendants. This Court has previously addressed the consequences of filing a defective notice of intent, which may be challenged at any time for good cause shown, and outlined a workable rule that allows for defective notices of intent to be excused under MCL 600.2301.

Today, the Court abrogates that caselaw without discussion and interprets MCL 600.2912b in a manner that completely deprives a defendant of any right to notice of a newly asserted claim, so long as the original notice of intent was timely filed, regardless of whether and the extent to which the newly asserted claim relates to the claim for which notice was provided. This, for all intents and purposes, renders MCL 600.2912b a dead letter. For these reasons, as more fully developed in this opinion, I dissent.

## I. BASIC FACTS AND PROCEEDINGS

In December 2011, Dr. Steven D. Harrington performed a minimally invasive surgery on the mitral valve of Drago Kostadinovski's heart. Dr. Harrington used an EndoClamp catheter during the surgery. Kostadinovski suffered a stroke after the surgery.

In December 2013, Drago and Blaga Kostadinovski (collectively referred to in the singular as "plaintiff" for ease of reference because Blaga's sole claim is for loss of

3

consortium) served defendants Dr. Steven D. Harrington and Advanced Cardiothoracic Surgeons, PLLC (collectively referred to in the singular as "defendant" for ease of reference) with a notice of intent (NOI), faulting Dr. Harrington for not discovering a clot in Kostadinovski's arterial tree before the surgery, which, plaintiff alleged, should have led Dr. Harrington to determine that he could not use an EndoClamp catheter during the surgery. The causation theory was that the EndoClamp "broke[] loose" a clot that moved to Kostadinovski's brain, causing the stroke. After waiting the applicable statutory notice period, plaintiff filed a complaint with an affidavit of merit from a cardiothoracic surgeon in June 2014. The claim alleged in the complaint and the affidavit of merit were identical with the claim described in the NOI.

In July 2015, which was after Dr. Harrington's first deposition, plaintiff's attorney informed defense counsel of a new theory based on Kostadinovski's blood pressure during the surgery. This theory was that Dr. Harrington failed to recognize and address Kostadinovski's low blood pressure (hypotension) during the surgery, which led to his stroke. This theory does not in any way relate to Dr. Harrington's decision to use an EndoClamp. In fact, this theory suggests that Dr. Harrington properly used the EndoClamp and that the EndoClamp worked as intended.

When plaintiff's experts, including the affiant of the affidavit of merit, were deposed in early 2016, they each acknowledged that Dr. Harrington did not violate the standard of care by deciding to use an EndoClamp. Plaintiff stipulated to dismiss his pleaded claims and moved to amend his complaint to add claims relating to Dr. Harrington's alleged failure to recognize and address Kostadinovski's hypotension during the surgery, which purportedly led to his stroke. The trial court denied plaintiff's motion to amend the

4

complaint, noting that plaintiff should and could have served defendant with an amended NOI long before July 2015 because plaintiff's counsel had access to the surgical records pertaining to hypotension before the now-dismissed claim was filed. The court highlighted that plaintiff's failure to take any affirmative action on this new theory caused defendant to suffer unnecessary delay and expense and violated defendant's statutory right to receive an NOI for each medical malpractice claim asserted against defendant. Under these circumstances, with trial looming and the prospect of litigating a claim that should have been developed and brought much earlier, the trial court concluded that allowing plaintiff to amend the complaint was not in the furtherance of justice.

> Plaintiff appealed, primarily arguing that
>
> MCL 600.2912b simply requires the service of an NOI before suit is filed and that once this is accomplished through the service of a proper and compliant NOI, *as judged at the time suit is filed and by the language in the original complaint*, the requirements of the statute have been satisfied, absent the need to revisit the NOI even if a new theory of negligence or causation is later developed that was not included in the NOI and that forms the basis of an amended complaint.[3]

The Court of Appeals rejected plaintiff's argument, explaining that it was not supported by Michigan caselaw and conflicted with the purpose of the notice requirement.[4]

Plaintiff alternatively argued that if MCL 600.2912b applied and required an amended NOI, the trial court erred because it should have allowed plaintiff to amend the

---

[3] *Kostadinovski v Harrington*, 321 Mich App 736, 751 n 6; 909 NW2d 907 (2017) (*Kostadinovski I*).

[4] *Id*. at 752 n 6.

NOI under MCL 600.2301 and *Bush v Shabahang*.[5] Although plaintiff had not presented this argument to the trial court, the Court of Appeals agreed that "*Bush* controls our analysis" and, consequently, that MCL 600.2301 was "potentially applicable[.]"[6] As a result, the panel remanded the matter to the trial court to determine whether to excuse plaintiff's failure to file an amended NOI under MCL 600.2301.[7]

Both parties filed applications for leave to appeal in this Court. We ordered oral argument on the application and the cross-application, requesting that the parties address "the issues raised in the primary appeal and the cross-appeal, including how, consistent with MCL 600.2912b, a plaintiff in a medical malpractice case may amend the complaint to include newly discovered claims against an existing defendant."[8] After oral argument,

---

[5] *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009). *Bush* held, among other things, "that the mandates of § 2301 are met when a party makes a good-faith attempt to comply with the content requirements of § 2912b." *Id*. at 161.

[6] *Id*. at 750. The Court of Appeals further stated:

> If MCL 600.2301 is implicated and potentially applicable to save a medical malpractice action when an NOI is defective because of a failure to include negligence or causation theories required by MCL 600.2912b(4), then, by analogy, MCL 600.2301 must likewise be implicated and potentially applicable when an NOI is deemed defective because it no longer includes the negligence or causation theories required by MCL 600.2912b(4) and alleged in the complaint, due to a postcomplaint change in the theories being advanced by a plaintiff as a result of information gleaned from discovery. [*Kostadinovski I*, 321 Mich App at 750.]

[7] *Id*. at 753 & n 7.

[8] *Kostadinovski v Harrington*, 503 Mich 869 (2018).

6

this Court unanimously denied the application and cross-application,[9] leaving in place the Court of Appeals' opinion and judgment.

On remand in the trial court, the parties submitted supplemental briefs on the question whether plaintiff should be afforded relief under MCL 600.2301. The trial court noted that "the Michigan Supreme Court has recognized that the Legislature's enactment of [MCL 600.2912b] granted healthcare providers 'substantial rights' . . . ."[10] The trial court also highlighted that, "[u]nlike *Bush*, where the plaintiff's defective NOI included enough information to give the defendants notice of the asserted claims, it is undisputed that [p]laintiffs' NOI did not include *any information* about this newly asserted theor[y] of medical malpractice liability." So, the trial court held, *Bush* was not dispositive and "[d]efendants' substantial rights are implicated."

The trial court also concluded that relief under MCL 600.2301 would not be in the furtherance of justice. Plaintiff argued that his original notice showed good faith. The trial court rejected that argument for the same reasons the Court of Appeals rejected plaintiff's argument based on the NOI, stating:

> Plaintiff makes the same argument but now in the context of the "good faith" prong of the *Bush* test. This Court similarly finds that such an approach, especially where [d]efendants['] substantial rights have been implicated as in this case, would undermine the legislative intent and purpose behind MCL 600.2912b.

---

[9] *Kostadinovski v Harrington*, 503 Mich 1009 (2019).

[10] Citing *Driver v Naini*, 490 Mich 239; 802 NW2d 311 (2011), and *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68; 869 NW2d 213 (2015).

In addition, the trial court rejected plaintiff's argument that the proposed amendment was based on information obtained during discovery. Rather, it held, the proposed amendment was based on Kostadinovski's surgical records; the trial court specifically found that "the record demonstrates that the relevant medical records were in [Kostadinovski's] possession before the NOI and complaint were drafted."

Plaintiff's counsel also claimed that the perfusion record was not legible. Below is a copy:

| Time | A/V | pH | pCO₂ | pO₂ | HCO₃ | BE | %Sat | HGB/HCT |
|------|-----|-----|------|-----|------|----|------|---------|
| 857 | A | 7.39 | 44.7 | 94 | 27.5 | 3 | 97 | 10.1/30 |
| 0945 | A | 7.50 | 7?.? | <15 | 17? | 5 | 1?? | 85/26 |
| 1057 | A | 7.45 | 37.2 | 188 | 25.4 | 2 | 100 | 7.8/23 |
| 1124 | A | 7.20 | 71 | 287 | 27.9 | 0 | 100 | 5.1/15 |

The relevant entries are in the bottom right corner of the record, which reflects the relevant reading during the surgery. The trial court was "able to read and consider" it. Moreover, said the trial court, "it was legible enough for [plaintiff's] counsel to ask Dr. Harrington questions about Mr. Kostadinovski's HGB/HCT levels at his deposition[.]" The court also mentioned that plaintiff's counsel used this medical record during the perfusionist's deposition. Lastly, plaintiff did not cite any specific evidence gleaned from discovery that would have been needed before sending an NOI raising the new theory. Thus, the trial court concluded that "amendment of the NOI or disregard of the prospective

8

NOI defect is not 'in the furtherance of justice.' "[11]  Applying *Bush*'s two-prong test, the trial court declined to exercise its discretion afforded under MCL 600.2301 to excuse the lack of notice for the proposed amended claims.  Accordingly, the court denied plaintiff leave to amend his complaint.

Plaintiff again appealed.  The Court of Appeals affirmed in an unpublished per curiam opinion.[12]  The panel agreed with the trial court that plaintiff never attempted to cure the deficiencies in the NOI by sending an amended notice of intent to defendant; plaintiff was not entitled to relief under MCL 600.2301 because the amendment would impair a substantial right of defendant.

Plaintiff again filed an application for leave in this Court.  The Court ordered oral argument on the application, directing the parties to address, in part, "whether MCL 600.2912b applies where the plaintiff seeks to add new theories of recovery against an already-named defendant[.]"[13]  The Court also directed the parties to address "when and

---

[11] Quoting *Bush*, 484 Mich at 177.

[12] *Kostadinovski v Harrington*, unpublished per curiam opinion of the Court of Appeals, issued March 11, 2021 (Docket No. 351773) (*Kostadinovski II*).

[13] *Kostadinovski v Harrington*, 508 Mich 982 (2021).  This is the very issue that the Court asked the parties to consider the previous time this Court heard the case and unanimously denied the parties' applications.  Taking up this issue again in the same case is indeed curious.  After all, the Court previously allowed plaintiff to present an unpreserved argument based on MCL 600.2301 that ought to have been raised before the trial court and should have been subject to forfeiture on appeal.  And in previously denying leave, this Court obviously was aware that on remand in the trial court the litigants would only consider whether MCL 600.2301, as explained in *Bush*, provides plaintiff some manner of relief.  The trial court denied plaintiff relief under MCL 600.2301, and the Court of Appeals affirmed its decision.  Now, the majority revisits MCL 600.2912b and, for all intents and purposes, ignores all of the proceedings that the Court requested on remand.  It is striking that this Court, so soon after a full complement of Justices could not muster four votes in

9

how a plaintiff seeking to add such new theories may satisfy the requirements of MCL 600.2912b, see *Bush v Shabahang*, 484 Mich 156 (2009), and MCL 600.2301."[14]

## II. INTERPRETATION OF MCL 600.2912b

### A. STANDARD OF REVIEW

This Court reviews de novo questions of law, like we also review questions of statutory interpretation.[15]

### B. ANALYSIS

MCL 600.2912b states, in pertinent part:

> (1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

> (2) The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

---

support of the instant majority's interpretation of MCL 600.2912b, now decides that MCL 600.2912b is so clear that the proceedings ordered on remand were a frivolous waste of judicial resources.

[14] *Kostadinovski*, 508 Mich 982. The Court's holding in this case conveniently obviates consideration of this issue, seemingly narrowing *Bush*'s holding to only those cases in which a so-called "defective" NOI was initially filed, notwithstanding that the NOI, the affidavit of merit, and the complaint never supported the medical malpractice Kostadinovski now intends to litigate.

[15] *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 59; 631 NW2d 686 (2001).

(3) The 182-day notice period required in subsection (1) is shortened to 91 days if all of the following conditions exist:

(a) The claimant has previously filed the 182-day notice required in subsection (1) against other health professionals or health facilities involved in the claim.

(b) The 182-day notice period has expired as to the health professionals or health facilities described in subdivision (a).

(c) The claimant has filed a complaint and commenced an action alleging medical malpractice against 1 or more of the health professionals or health facilities described in subdivision (a).

(d) The claimant did not identify, and could not reasonably have identified a health professional or health facility to which notice must be sent under subsection (1) as a potential party to the action before filing the complaint.

(4) The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:

(a) The factual basis for the claim.

(b) The applicable standard of practice or care alleged by the claimant.

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

\* \* \*

(6) After the initial notice is given to a health professional or health facility under this section, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified.

11

MCL 600.2912b does not expressly address amendments to an NOI. But this Court and the Court of Appeals have recognized on numerous occasions that MCL 600.2912b(6) specifically "contemplates that additional notices of intent may be filed[.]"[16] Indeed, we recognized in *Driver v Naini*[17] that this Court expressly held in *Bush v Shabahang*[18] that "MCL 600.2301 allows a plaintiff to amend the NOI and preserve tolling unless the plaintiff failed to make a good-faith effort to comply with MCL 600.2912b(4)."[19]

Despite an abundance of caselaw clearly holding to the contrary,[20] the majority opinion holds that "[t]he plain language of the statute clearly states that the NOI requirement *only* applies '*before* the action is commenced.' "[21] I disagree with the majority's conclusion that the NOI requirement *only* applies "before the action is commenced" because the statutory languages does not compel this interpretation and MCL

---

[16] *Gulley-Reaves v Baciewicz*, 260 Mich App 478, 486; 679 NW 2d 98 (2004), citing MCL 600.2912b(6).

[17] *Driver*, 490 Mich at 252-253.

[18] *Bush*, 484 Mich 156.

[19] *Driver*, 490 Mich at 252-253, citing *Bush*, 484 Mich at 176-178. See also *Ligons v Crittenton Hosp*, 490 Mich 61, 67-68; 803 NW2d 271 (2011).

[20] See *Ligons*, 490 Mich at 67-68; *Ligons v Crittenton Hosp*, 285 Mich App 337, 343-349; 776 NW2d 361 (2009); *Mayberry v Gen Orthopedics, PC*, 474 Mich 1, 7-8; 704 NW2d 69 (2005); *Decker v Rochowiak*, 287 Mich App 666, 679-681; 791 NW2d 507 (2010) (contrasting the NOI-related facts in the case with those in *Gulley-Reaves*, 260 Mich 478); *Korpal v Shaheen*, unpublished per curiam opinion of the Court of Appeals, issued December 28, 2006 (Docket No. 266418), pp 5-6.

[21] Quoting MCL 600.2912b(1) (some emphasis added).

600.2912b(6) specifically contemplates that *additional* notices of intent may be filed, as reflected by our precedent.

The majority opinion gives short shrift to MCL 600.2912b(6), which provides that "[a]fter the *initial notice* is given to a health professional or health facility under this section, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many *additional notices* are subsequently filed for *that claim* and irrespective of the number of health professionals or health facilities notified."[22] Filing against a *separate* defendant requires that a new and separate complaint be filed, which cannot be "that claim" for which the "initial notice" was sent. Clearly, the reference to "*additional* notices [that] are subsequently filed for *that* claim" refers to additional NOIs relating to a particular claim that has been filed and not a *separate* NOI that must be sent to new parties. It makes good sense that MCL 600.2912b contemplates that an existing party is entitled to additional NOIs after the action is commenced while non-existing defendants are entitled to separate and independent NOIs before being summoned to litigate an existing action.[23]

---

[22] Emphasis added.

[23] Contrary to the majority's assertion, nowhere do I suggest that an additional NOI must be filed each time a plaintiff seeks to amend a complaint. Rather, I say that MCL 600.2912b entitles a defendant to formal notice when a brand-new claim is unearthed during discovery. Relevant here, plaintiff's new theory was not even the product of discovery, let alone "a lengthy discovery process." Instead, plaintiff had the document that he argues supports his new theory in his possession well before the NOI had even been filed. He could have timely served plaintiff an NOI asserting this theory but failed to do so. Also, I am not suggesting "that defendants in this case were caught totally unaware of the new theory of malpractice . . . ." I am saying that defendants cannot be required to consider a claim that has not been filed. I'll leave it to the majority to explain its assertion that "the practical realities of the lengthy discovery process" obligate a defendant to

13

The majority opinion holds that "[t]he NOI was not defective at the time the complaint was filed, and thus, caselaw involving defective NOIs, such as *Bush . . .* , is inapposite." The only basis the majority opinion cites in support of this proposition is an argument presented by plaintiff's counsel that the Court of Appeals rejected; the majority here states:

> "Plaintiffs argue that MCL 600.2912b simply requires the service of an NOI before suit is filed and that once this is accomplished through the service of a proper and compliant NOI, *as judged at the time suit is filed and by the language in the original complaint*, the requirements of the statute have been satisfied, absent the need to revisit the NOI even if a new theory of negligence or causation is later developed that was not included in the NOI and that forms the basis of an amended complaint."[24]

The majority opinion highlights this unsupported argument as though it were law. MCR 2.112(L) says otherwise, providing:

> (2) In a medical malpractice action, unless the court allows a later challenge for good cause:

> (a) all challenges to a notice of intent to sue must be made by motion, filed pursuant to MCR 2.119, at the time the defendant files its first response to the complaint, whether by answer or motion[.]

MCR 2.112(L)(2)(a) plainly allows for challenges to the NOI for "good cause" after a defendant has filed its first response to the complaint. Contrary to the majority opinion, it is irrelevant that the NOI was "not defective at the time the complaint was filed" because it later may be challenged for good cause. MCR 2.112(L), as well as the above-mentioned

---

consider claims that have not yet been filed and may never be filed. In my experience, that is simply not how litigation works.

[24] Quoting *Kostadinovski I*, 321 Mich App at 751 n 6.

14

abundance of caselaw from this Court, such as *Bush* and the Court of Appeals caselaw applying *Bush*, undermines the majority opinion's conclusion that the NOI requirement only applies "before the action is commenced."[25]

The majority opinion relies heavily on MCL 600.2912b(3), which refers to a situation in which a separate NOI is expressly required after a complaint has been filed. Again, this statutory provision is directed toward notice for a *separate* defendant and is not dispositive in this case. This case involves an *additional* NOI that is required because the NOI has not provided *any* notice to *any* defending party of the claims that plaintiff intended to pursue when mailing the NOI. Even less persuasive is the majority opinion's assertion that "[i]f the Legislature had intended for an NOI requirement to be imposed for both already-existing defendants as well as new defendants, it could have written MCL 600.2912b to state as much." This is not a legitimate tool of statutory interpretation because it fails to interpret text. Rather, it is a speculative endeavor, based on the unrealistic expectation that our Legislature is able to enact a statute that expressly contemplates all possible applications.[26] Lastly, the majority opinion's reliance on MCL 600.2912b(3) is a red herring given defendant has never had a "waiting notice period," whether it be 91-days or 182-days, to evaluate plaintiff's new theory of causation. Also,

---

[25] Quotation marks and citation omitted.

[26] Indeed, plaintiff's reply brief notes "that the circumstances of this case - in which plaintiffs seek to amend their complaint to add all new theories - is most unusual. The writer of [plaintiff's reply] brief has never encountered this circumstance before. Rather, amendments in malpractice cases almost universally seek to add additional theories of liability to those already pleaded."

MCL 600.2912b(3) is not relevant to determining the overriding question, which is whether the trial court abused its discretion by denying plaintiff's motion to amend his complaint.

In regard to the purpose of MCL 600.2912b, the majority is correct that it "promote[s] settlement without the need for formal litigation[.]" The majority posits that this purpose is served by its interpretation because an already-named defendant is not in a "pre-suit posture" because they have been involved in the action. This proposition strikes me as highly disingenuous. Sure enough, defendant was involved in an action litigating baseless claims for two years that plaintiff ultimately agreed to dismiss with prejudice. At this point, plaintiff had no case and sought to amend the complaint to add a claim that was not contemplated by the NOI, the affidavit of merit, or by any of plaintiff's now-dismissed claims. In other words, defendant is essentially now in a pre-suit posture yet without any of the rights provided under MCL 600.2912b. The Court's holding renders MCL 600.2912b a dead letter, which is obviously antithetical to the purpose of MCL 600.2912b.

Further, the majority opinion's attempt to distinguish "caselaw involving defective NOIs, such as *Bush*," is inapt because it simply does not matter whether the NOI was defective at the time the complaint was filed. The NOI can be challenged at any time for "good cause."[27] The majority opinion's interpretation of MCL 600.2912b judicially abrogates *Bush* and its progeny. Prior to this Court's holding in *Bush*, a complaint premised on an NOI later found defective would require that the defective complaint be dismissed without prejudice.[28]

---

[27] MCR 2.112(L)(2)(a).

[28] See *Boodt v Borgess Med Ctr*, 481 Mich 558, 562-563; 751 NW2d 44 (2008), called into doubt by *Bush*, 484 Mich 156. See also *Tyra*, 498 Mich at 81 n 9 (explaining that,

*Bush* highlighted a statutory amendment that reflected the Legislature's intent to mitigate mandatory dismissal of a complaint without prejudice based on the failure to comply with MCL 600.2912b because it "would complicate, prolong, and significantly increase the expense of litigation. Dismissal with prejudice would be inconsistent with these stated purposes."[29] Having found that the Legislature had not intended dismissal with prejudice as the proper remedy for filing a defective NOI,[30] the *Bush* Court turned to "the Revised Judicature Act (RJA)[31] to see if other appropriate remedies exist that are consistent with the intended purpose of [MCL 600.]2912b."[32] The Court also recognized that "the RJA does provide a mechanism to cure certain defects within pleadings in MCL 600.2301."[33]

In doing so, *Bush* did not parse whether the NOI was defective at the time the complaint was filed or whether it was later challenged and found defective.[34] Rather, it stated that because "a defective NOI does not bar tolling of the statute of limitations under

_____

"[a]lthough *Bush* reached a different result than *Boodt*, *Bush* did not overrule *Boodt*" because the cases addressed different amended versions of the same statute).

[29] *Bush*, 484 Mich 174-175.

[30] *Id*. at 173-175.

[31] MCL 600.101 *et seq*.

[32] *Id*. at 176.

[33] *Id*.

[34] Indeed, the same Court in 2010 promulgated MCR 2.112(L) to provide trial courts flexibility to re-examine an NOI. Clearly, the *Bush* Court would not agree with this majority's new interpretation of MCL 600.2912b.

17

[MCL 600.]5856(c), we must now consider what a court must do when presented with a defective NOI."[35]   The Court noted that "whether a medical malpractice action is commenced for purposes of [MCL 600.]5856(a) does not depend on the *presence or absence of defects* within the NOI."[36]   The Court in *Bush* explained that MCL 600.2301 "allows for amendment of errors or defects, whether the defect is in form or in substance, but only when the amendment would be 'for the furtherance of justice.' "[37]   In no sense is this holding limited to whether the NOI was defective when the complaint was filed. Rather, *Bush* unequivocally stated:

> Thus, the applicability of [MCL 600.]2301 rests on a two-pronged test: first, whether a substantial right of a party is implicated and, second, whether a cure is in the furtherance of justice.  If both of these prongs are satisfied, a cure will be allowed "on such terms as are just."[39]  Given that NOIs are served at such an early stage in the proceedings, so-called "defects" are to be expected.  The statute contemplates that medical records may not have been turned over before the NOI is mailed to the defendant.[40]  Defendants who receive these notices are sophisticated health professionals with extensive medical background and training.  Indeed, these same defendants are allowed to act as their own reviewing experts.  A defendant who has enough medical expertise to opine in his or her own defense certainly has the ability to understand the nature of claims being asserted against him or her even in the presence of defects in the NOI.  Accordingly, we conclude that no substantial right of a health care provider is implicated.  Further, we hold that the second prong of the test, which requires that the cure be in the furtherance of justice, is satisfied when a party makes a good-faith attempt to comply with the content requirements of [MCL 600.]2912b.  Thus, only when a plaintiff has

---

[35] *Bush*, 484 Mich at 170.

[36] *Id*. at 171 n 26 (emphasis added).

[37] *Id*. at 177.

not made a good-faith attempt to comply with [MLC 600.]2912b(4) should a trial court consider dismissal of an action without prejudice.[38]

---

[39] MCL 600.2301.

[40] MCL 600.2912b(5) provides for the exchange of medical records.

---

And the trial court in this case applied the above test just as this Court intended when previously denying leave and leaving in place the Court of Appeals' judgment that expressly required the trial court to determine whether MCL 600.2301 provides plaintiff with relief to amend the NOI. Simply because the majority disagrees with the trial court's conclusion that plaintiff's failure to comply with MCL 600.2912b denied defendant a substantial right and that excusing plaintiff's failure to comply with MCL 600.2912b would not be in the furtherance of justice does not provide the Court license to willfully ignore our precedent by adopting plaintiff's self-serving interpretation of MCL 600.2912b.

The lower courts reached the right result for generally the right reasons. The trial court correctly concluded that defendant suffered prejudice in litigating a baseless claim for two years that plaintiff ultimately agreed to dismiss with prejudice. While I do not believe plaintiff acted in bad faith, I likewise cannot conclude plaintiff acted in good faith. The bottom line is that plaintiff did not act at all, even though he should have done so given that plaintiff had access from the onset of litigation to the medical records relied on to support a completely new theory of causation. The majority opinion denies defendant all rights provided under MCL 600.2912b, unwisely abrogates this Court's precedent without

---

[38] *Bush*, 484 Mich at 177-178.

discussion, and renders MCL 600.2912b a dead letter, which thwarts any purpose that the Legislature possibly intended when enacting the statute.[39]  For these reasons, I dissent.

Brian K. Zahra

VIVIANO, J., did not participate in the disposition of this case because of a familial relationship with the presiding circuit court judge in this case.

BOLDEN, J., did not participate in the disposition of this case because the Court considered it before she assumed office.

---

[39] Further, the majority opinion's holding is not necessary given that plaintiff is attempting to appeal an error that plaintiff created.  The Court of Appeals explained:

> But plaintiffs' procedural predicament is a quandary of their own making. When it became clear that their original theories of liability were not supported by the testimony of their own experts, plaintiffs responded to defendants' motion for summary disposition regarding those theories, stating: "With regard to Plaintiffs' remaining theories of liability, Plaintiff [sic] will not be going forward with those theories of liability."  At the hearing on defendants' summary disposition motion, plaintiffs agreed with the trial court's statement that "there is a stipulation as it relates to" dismissal of plaintiffs' original claims.  Thus, by the time the trial court ruled on plaintiffs' motion to amend, it already had dismissed plaintiffs' initial claims with prejudice.  In other words, if plaintiffs believed in the soundness of their original claims, plaintiffs could have conditioned their stipulation on the trial court's decision on their motion to amend.  Despite now having seller's remorse over stipulating unconditionally to the dismissal of their original claims, plaintiffs cannot now change their minds and resurrect those claims. See *In re Koch Estate*, 322 Mich App 383, 402-403; 912 NW2d 205 (2017) ("A party may not appeal an error that the party created.").  [*Kostadinovski II*, unpub op at 7 (alteration in original).]

20